PER CURIAM.
Appellant seeks review of an order denying its request for an award of attorney fees as the prevailing party in a breach of contract action involving landscape services. We conclude that the trial court misconstrued the legal effect of the attorney-fee provision contained in the parties’ contract. Accordingly, we reverse.
Appellant’s amended complaint alleged that appellee had breached the parties’ contract by improperly terminating appellant’s services, and b-y refusing to pay appellant the balance due pursuant to the contract. In the alternative, appellant sought damages based upon a quantum meruit theory. In addition to damages, appellant sought attorney fees, pursuant to a provision of the contract which read:
In the event of a default hereunder and in the event said default is not cured within Ten Days then and in that event the prevailing party shall be entitled to recover in addition to damages, his reasonable attorney’s fees irrespective of whether litigation commenced.
Appellee denied all of the material allegations of the amended complaint. In addition, by affirmative defenses and a counterclaim, appellee alleged that appellant had breached the contract in numerous respects. Appellee claimed that he was entitled to damages or to a set-off on account of appellant’s breach, and to attorney fees pursuant to the contract.
The action was tried to the court, sitting without a jury. The trial court ultimately entered an amended final judgment, in which it found that “[appellant] ... breached the contract by poor performance and untimely performance. [Appellee] ... through the actions of his agent ..., subsequent to the breach of [appellant], interfered with [appellant's] full performance by making changes in the contract and having conflicts of interest.” The trial court found, further, that, “as of the date of [appellee’s] termination of [appellant’s] services, ... [appellant’s] lost profit and reasonable cost of labor and materials incurred in partial performance of the Contract, reduced by [appellee’s] allowable set-off ... for the cost of repairing [appellant’s] defective performance, resulted] in a balance due by [appellee] to [appellant] of $22,130.50.” The trial court awarded to appellant that sum, together with prejudgment interest; and reserved jurisdiction to determine “the parties’ respective entitlement to recover attorneys’ fees and taxable costs.” Neither party has appealed the amended final judgment.
*800 The trial court subsequently awarded costs to appellant, as “the party recovering judgment.” However, it denied both parties’ requests for attorney fees with the following explanation:
A party must both prevail in the action and not be in breach of the contract in order to be entitled to attorneys’ fees under the contract at issue. Although [appellant] ... was the prevailing party in this action, it was in breach of the contract. Therefore, neither party is entitled to an award of attorneys’ fees.
Appellant appeals the order denying attorney fees.
“Ordinarily[,] the interpretation of a written contract is a matter of law to be determined by the court.” DEC Electric, Inc. v. Raphael Construction Corp., 558 So.2d 427, 428 (Fla.1990). Here, we conclude that the trial court erred, as a matter of law, when it interpreted the provision of the parties’ contract which addressed attorney fees as requiring that “[a] party must both prevail in the action and not be in breach of the contract in order to be entitled to attorneys’ fees.”
We discern nothing unusual, unclear or ambiguous regarding the language used in the contract’s attorney-fee provision. Rather, we believe that, like most contractual attorney-fee provisions, the clear intent of the provision at issue is that the prevailing party in a dispute over whether the contract has been breached shall be entitled to recover attorney fees in addition to damages. Nothing in that provision permits it to be read as requiring, in addition, that the prevailing party not have breached the contract in any way.
Here, the trial court found that appellant was the prevailing party. Appellee has not challenged that finding by a cross appeal. Accordingly, the attorney-fee provision of the parties’ contract entitles appellant to recover from appellee a reasonable attorney fee. Therefore, we reverse the order of the trial court denying appellant’s request for an attorney fee, and remand with directions that the trial court award to appellant a reasonable attorney fee, to be paid by appellee.
REVERSED and REMANDED, with directions.
JOANOS, C.J., and ZEHMER and WEBSTER, JJ., concur.