750 So.2d 719 (2000)
Lester B. NICHOLS, Appellant/Cross-Appellee,
v.
MICHAEL D. EICHOLTZ, ENTERPRISE, etc., Appellee/Cross-Appellant.
No. 5D98-2139.
District Court of Appeal of Florida, Fifth District.
January 21, 2000.
*720 Joseph M. Mason, Jr., of McGee & Mason, Jr., P.A., Brooksville, for Appellant/Cross-Appellee.
Thomas S. Hogan, Jr., of The Hogan Law Firm, Brooksville, for Appellee/Cross-Appellant.

CORRECTED OPINION ON MOTION FOR CLARIFICATION
DAUKSCH, J.
We withdraw the opinion filed November 19, 1999, and substitute the following corrected opinion in its stead.
Appellee, Michael Eicholtz Enterprises, sued appellant, Lester Nichols, for foreclosure of a mechanic's lien, quantum meruit and tortious interference with a business relationship. The trial court dismissed the lien foreclosure action based upon appellee's failure to properly file a contractor's affidavit, which we affirm, and appellee later withdrew the tort claim. At trial, appellee presented evidence as to its quantum meruit theory of recovery and the trial court awarded it damages under that theory.
We reverse the damages award because there was an express contract which was fully performed. Where a contract has been fully or substantially completed, as in this case, a party may recover only the contract price under the contract. U.S. for Use and Benefit of Aucoin Elec. Supply Co. v. Safeco Ins. Co. of America, 555 F.2d 535, 542 (5th Cir.1977). Appellee pled its entitlement to damages under a quantum meruit theory which is an alternative theory of recovery to an action on an express contract. See Practice Management Associates, Inc. v. Bitet, 654 So.2d 966 (Fla. 2d DCA 1995); Bodon Industries, Inc. v. Brown, 645 So.2d 33 (Fla. 5th DCA 1994); Entropic Landscapes, Inc. v. Brown, 615 So.2d 799 (Fla. 1st DCA 1993).[1] We reject appellee's argument that the parties tried the unpled action on an express contract by implied consent because an unpled theory may not be tried by implied consent when the evidence presented at trial is relevant to other issues which are properly being tried. See Cedars Medical Center, Inc. v. Ravelo, 738 So.2d 362, 367 (Fla. 3d DCA 1999). Accordingly, the judgment is reversed and the cause remanded to the trial court for entry of a judgment in favor of appellant, together with any appropriate costs. Because appellant did not file a counterclaim for any damages below, he is precluded from receiving an award of damages on remand.
REVERSED and REMANDED.
COBB, J., and JACOBUS, B.W., Associate Judge, concur.
NOTES
[1] A party may recover under either theory where a contract has not been fully performed. Robinson v. Albanese, 636 So.2d 831, 834 (Fla. 5th DCA 1994).