THOMPSON, C.J.

ON MOTION FOR RECONSIDERATION AND CLARIFICATION

Alfonso and Josephine Schipani (“Schi-pani”) appeal a final judgment foreclosing a construction lien. We grant the motion, withdraw the previous opinion and substitute the following.
The dispute giving rise to this appeal arose from the failure of a grinder pump located in a sewage lift station owned by Schipani. This sewage lift station serviced an apartment complex Schipani owned. Seagraves, Inc. (“Seagraves”), inspected, maintained, and cleaned the sewage lift station on a monthly basis pursuant to a contract with Schipani. The pump failure (apparently not covered by the service contract) could have resulted in the overflow of sewage, and Seagraves remedied the pump failure by removing, repairing and reinstalling the pump. Seagraves con *592 tended that Schipani had expressly agreed to pay for this work prior to its commencement. On the other hand, Schipani refused to pay for the work, arguing that Seagraves’ employees caused the pump failure and thus Seagraves should be responsible for fixing it. In turn, Seagraves filed a construction lien on the apartment property.
Pursuant to Chapter 713, Florida Statutes (1997), Seagraves recorded its claim of lien for $1,782.30, upon the Schipani apartment complex. The lien amount was allegedly dictated by the cost of the materials, labor and services required to repair the pump. Thereafter, Seagraves filed a two-count complaint. The first count sought to foreclose a statutory construction lien based upon an express oral agreement with Schipani. The second count sought to recover damages for breach of that oral contract. Schipani filed an answer with affirmative defenses and a counterclaim. The counterclaim was dismissed by the trial court and a bench trial was held on the foreclosure count after Sea-graves voluntarily dismissed the second count. Schipani’s only remaining affirmative defenses at that point were duress and failure of consideration.
In Seagraves’ opening argument during this bench trial, Seagraves defined the term “contract” in the construction lien context, reading the definition in section 713.01(5), Florida Statutes: “a contract means an agreement for improving real property, written or unwritten, express or implied.” Seagraves went on to argue that the contract was a “very express, authorized, clear contract, but even if the Court finds it wasn’t, it’s at a minimum an implied contract to support the construction lien.” (emphasis added). Seagraves never sought to amend its complaint to make a claim for foreclosure of lien pursuant to Chapter 713 based on an implied contract in fact,[1] despite the fact that its foreclosure count was grounded upon an express oral contract.[2]
After the trial, but before a decision had been rendered by the trial court, Sea-graves submitted its “Trial Brief’ where Seagraves laid out the implied contract theory in greater detail. In the trial court’s Final Judgment of Foreclosure, the trial court stated:
[t]hat there did not exist an express contract between the parties; however, the Court specifically finds from the evidence and testimony presented at trial that there was a contract implied in fact and implied in law between SEA-GRAVES and SCHIPANI for the permanent improvements to the real property at issue herein.
Schipani argues, and we agree, that because Seagraves’ complaint alleged only that an express oral agreement was the basis for the foreclosure count, Seagraves’ position at trial, that the court could find an underlying implied contract, added a new cause of action. That new cause of action, like the pled cause of action, was for the foreclosure of a construction lien pursuant to Chapter 713; the difference between the two is simply that the pled cause of action was based on an express contract while Seagraves recovered on a theory that was based on an implied contract. We hold that Seagraves could not plead that an express contract provided the basis for his foreclosure of lien under Chapter 713 and then foreclose based on an unpled implied contract.[3] Cf. Target *593 Development Corp. v. Best County Wide Construction Corp., 457 So.2d 1146 (Fla.. 3d DCA 1984); Boyce Construction Corp. v. District Board of Trustees of Valencia Community College, 414 So.2d 634 (Fla. 5th DCA 1982).
The parties did not try the issue by implied consent. “[A]n unpled theory may not be tried by implied consent when the evidence presented at trial is relevant to other issues which are properly being tried.” See Nichols v. Eicholtz Enterprise, 750 So.2d 719, 720 (Fla. 5th DCA 2000)(citing Cedars Medical Center, Inc. v. Ravelo, 738 So.2d 362, 367 (Fla. 3d DCA 1999)).[4] The final judgment is reversed and the trial court is instructed to enter final judgment in favor of Schipani. The trial court found that Seagraves failed to prove that an express oral contract was reached between the parties, a finding we do not disturb, so Seagraves is not entitled to foreclosure based on the alleged oral contract.
REVERSED and REMANDED with instructions.
PETERSON, J., concurs.
HARRIS, J., dissents with opinion.

. A construction lien cannot be based on a contract implied in law. See CDS and Associates of the Palm Beaches, Inc. v. 1711 Donna Road Associates, Inc., 743 So.2d 1223, 1224-25 (Fla. 4th DCA 1999).

. Count I of Seagraves' complaint grounded its foreclosure of lien claim upon the assertion that the parties had "entered into an oral contract.” (emphasis added). Therefore, by the complaint's own terms, the parties were trying a foreclosure claim premised upon an express contract, and Seagraves was charged with having to prove an express contract existed.

.In his motion for rehearing, Seagraves' counsel asserts that this court has created a new cause of action. We do no such thing. Rather, we hold that in foreclosing on a con- *593 struetion lien pursuant to Chapter 713, the plaintiff must choose which horse he wishes to ride, either the express contract horse or the implied contract horse. Alternatively, the plaintiff may plead both in two separate foreclosure of lien counts. But the plaintiff cannot plead that the parties had an express contract and then claim that there was an implied contract when the express contract was not proven, absent consent.

. Schipani’s counsel’s vague references during trial to the possible implied contract theory do not operate as a consent for this reason.