# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-4103

_____

BABIN BUILDERS AND
DEVELOPMENT, INC.,

    Appellant/Cross-Appellee,

    v.

RAYMOND QUINONES and LINDA
QUINONES, A&T STUCCO, LLC,
KING'S WINDOW & DOOR
INSTALLATION, INC., and
ARTURO'S FRAMING, INC.,

    Appellees/Cross-Appellants.

_____

On appeal from the Circuit Court for Okaloosa County.
Mary Polson, Judge.

February 12, 2025

M.K. THOMAS, J.

Babin Builders and Development, Inc. ("Babin"), appeals an order denying its motion for attorney's fees against Appellee A&T Stucco, LLC ("A&T Stucco"). For the foregoing reasons, we reverse and remand for entry of an award of attorney's fees to Babin.

## *Background*

In April 2010, Appellees Raymond and Linda Quinones contracted with Babin for the construction of a single-family home. Babin received a work proposal ("the Proposal") prepared by A&T Stucco to provide labor, materials, and certain construction services on the Quinones' residence. Later, the Quinones filed a complaint against Babin for construction defects. Babin filed its third-party complaint against A&T Stucco and King's Window and Door Installation, Inc., and later amended the filing to add Arturo's Framing as a defendant. Babin sought damages from A&T Stucco for breach of contract, indemnity, negligence, and violation of building codes.

Following trial, the jury found in favor of the Quinones on all claims and awarded damages against Babin. As to the third-party claim, the trial court entered a directed verdict and final judgment in favor of Babin against A&T Stucco on its breach of contract and violation of building codes claims. However, the jury attributed 60% of the damages incurred as a result of the breach to Babin and 40% to A&T Stucco.

Next, Babin filed its motion for award of attorney's fees against A&T Stucco, citing the "prevailing party" provision in the Proposal. The provision provides: "Should either party require the services of an attorney to enforce the terms of this proposal, the prev[a]iling party shall be entitled to reasonable attorney's fees and costs." Babin also argued in its motion that A&T Stucco relied on the Proposal at trial and so should be estopped from claiming the Proposal was not binding on the parties. A&T Stucco filed a response to Babin's motion, arguing the attorney's fees provision did not apply to fees incurred in Babin's defense against the Quinones' claims and, even then, Babin was not the prevailing party based on the percentage of fault allocated between Babin and A&T Stucco because of the breach. The trial court found that the fee provision applied to fees incurred in defense of the Quinones' claims, but that Babin was not the prevailing party on the breach of contract action because the jury apportioned a greater percentage of fault to Babin.

2

*Analysis*

Generally, appellate courts review a trial court's order on a motion for award of attorney's fees for an abuse of discretion, but a de novo review is applied to the trial court's interpretation of a contractual provision for attorney's fees. *See Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204, 213 (Fla. 2012); *Rogers v. Vulcan Mfg. Co., Inc.*, 93 So. 3d 1058, 1060 (Fla. 1st DCA 2012).

Initially, we find that the Proposal constituted an enforceable contract between Babin and A&T Stucco and that the underlying fee provision claim arose under the contract. The Proposal outlined the construction services to be provided by A&T Stucco, and Babin properly pled a claim for breach of contract alleging deficient performance of contractual services. We narrow our discussion to whether Babin was the prevailing party on its third-party claims against A&T Stucco.

Babin argues the trial court abused its discretion when it determined A&T Stucco prevailed on the significant issues in the litigation. Babin contends that the court erred by basing its determination on the jury's apportionment of damages between Babin and A&T Stucco on the Quinones' claims while ignoring that the jury also found A&T Stucco liable to Babin for breach of contract and violation of applicable building codes. On this basis, Babin states, "[W]hether Babin is 10% or 60% responsible for the Quinones' total recovery has no bearing on A&T Stucco's liability pursuant to the Amended Third-Party Complaint." We agree.

"[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." *Moritz v. Hoyt Enter., Inc.*, 604 So. 2d 807, 810 (Fla. 1992). In *Moritz*, the Florida Supreme Court rejected prior cases that determined the prevailing party for attorney's fees was the one who obtains an affirmative judgment. *Id.* at 809–10. It is not enough to obtain an affirmative judgment or net financial recovery, as the Florida Supreme Court stated:

> The fact that the claimant obtains a net judgment is a significant factor but it need not always control the

3

determination of who should be considered the prevailing party. We hold that in considering whether to apply the net judgment rule, the trial judge must have the discretion to consider the equities and determine which party has in fact prevailed on the significant issues.

*Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993); *see also Sidlow v. Bowles Custom Pool & Spas, Inc.*, 32 So. 3d 722, 722 (Fla. 5th DCA 2010) ("The trial court has broad discretion to determine which party prevailed on the significant issues in litigation."). And it may be that neither party was the prevailing party for the purpose of attorney's fees, as the Florida Supreme Court acknowledged: "Certainly the possibility that neither party is a 'prevailing party' is consistent with an application of the 'significant issues' test of *Moritz* and *Prosperi*." *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1203 (Fla. 2009).

Generally, "[i]n a breach of contract action, one party must prevail." *Khodam v. Escondidi Homeowner's Ass'n, Inc.*, 87 So. 3d 65, 66 (Fla. 4th DCA 2012); *see also Xiang v. Ocala Heart Clinic II, LLC*, 379 So. 3d 561, 566 (Fla. 5th DCA 2024); *Green Cos., Inc. v. Kendall Racquetball Inv., Ltd.*, 658 So. 2d 1119, 1121 (Fla. 3d DCA 1995); *Entropic Landscapes, Inc. v. Brown*, 615 So. 2d 799, 800 (Fla. 1st DCA 1993) ("[L]ike most contractual attorney-fee provisions, the clear intent of the provision at issue is that the prevailing party in a dispute over whether the contract has been breached shall been entitled to recover attorney fees in addition to damages."). That said, in the scenario "where the contract fails as a result of fault by both contracting parties . . . an award of prevailing party fees would not be appropriate because it would 'result in an injury reward to a party whose conduct caused the failure of the contract.'" *Hardeman Landscape Nursery, Inc. v. Watkins*, 290 So. 3d 574, 576 (Fla. 2d DCA 2020) (quoting *KCIN, Inc. v. Canpro Invs., Ltd.*, 675 So. 2d 222, 223 (Fla. 2d DCA 1996)).

Here, as to Babin's third-party claims, the jury determined that A&T Stucco breached its contract with Babin and violated applicable building codes in its work on the Quinones' home. The jury did not conclude that Babin contributed to the breach or any defect in the work performed by A&T Stucco. While the jury apportioned a greater percentage of the damages incurred by the

4

Quinones to Babin, this does not control on the issue of attorney's fees for Babin's third-party claims. An apportionment of liability on claims raised in an original complaint does not determine an award of attorney's fees in a third-party complaint raising separate issues specific to those parties.

## *Conclusion*

Because A&T Stucco was found liable for damages incurred by Babin as a result of its breach of the Proposal and for violating applicable building codes, issues separate and apart from the Quinones' claims against Babin, Babin is entitled to an award of attorney's fees from A&T Stucco. Therefore, we quash the order denying attorney's fees and remand with directions that attorney's fees be awarded to Babin on its third-party claims.

REVERSED and REMANDED.

LEWIS and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Lissette M. Gonzalez and Francesca M. Stein of Cole, Scott & Kissane, P.A., Miami, for Appellant/Cross-Appellee.

Nathan L. Burrow and M. Austin Moretz of Galloway, Johnson, Tompkins, Burr & Smith, PLC, Pensacola, for Appellees/Cross-Appellants.