543 So.2d 428 (1989)
Jacqueline GORDON, Appellant,
v.
Alan GORDON, Appellee.
No. 88-01123.
District Court of Appeal of Florida, Second District.
May 19, 1989.
*429 Joan LoBianco Walker of Joan LoBianco Walker, St. Petersburg, for appellant.
G. Robert Schultz, St. Petersburg, for appellee.
CAMPBELL, Chief Judge.
Appellant/wife attacks the nonfinal order that directed the parties immediately to list their marital home with a realtor for the purpose of sale. We reverse.
This appeal concerns the disposition of the marital home of the parties by a nonfinal order in a dissolution of marriage action. The parties own the marital home and a condominium. The wife has remained in the marital home and the husband has the condominium as his primary place of residence. The parties have been married thirty-five years and their four children have all reached majority. Upon leaving the marital home, the husband filed for dissolution of marriage requesting that after a determination of the respective interests of the parties the marital home be partitioned and sold. The wife filed a counterpetition in which she requested that the marital home be awarded to her as lump sum alimony. Temporary orders for support and alimony were entered in which, among other things, the husband was ordered to make and keep current the mortgage payments on the marital home. On March 16, 1988, the husband filed a "Motion for Reduction or Termination of Temporary Support." The wife had previously filed a motion for an increase in temporary support. Both motions were noticed to be heard on March 16, 1988, the day the husband's motion was filed. Neither of the parties' motions nor the notices for hearing on the motions gave notice that the court would consider a final disposition of the marital home.
An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties is not a proper issue for the court's determination. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); State, Department of Health and Rehabilitative Services, Office of Child Support Enforcement v. McNabb, 501 So.2d 709 (Fla. 2d DCA 1987); Hart v. Hart, 458 So.2d 815 (Fla. 4th DCA 1984); Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981).
That portion of the nonfinal order directing the listing of the parties' marital home for sale is hereby reversed and this case is remanded for further proceedings.
Reversed and remanded.
LEHAN and ALTENBERND, JJ., concur.