PER CURIAM.
In these consolidated appeals, appellant, the former husband, challenges the dismissal of his petition for modification of final judgment of dissolution of marriage, the order reducing past due child support and alimony payments to judgment and the resulting civil contempt order incarcerating him for nonpayment of a partial payment ordered in regard to those past due payments. We reverse the dismissal of his petition for modification and affirm the judgment and contempt order entered in regard to appellant’s past due obligations.
Appellant filed a petition for modification of the final judgment of dissolution of marriage. Appellee, the former wife, filed no responses to that petition and a default was entered against her. Appellee’s motion to set aside the default was denied after a hearing. Subsequently, appellee filed a motion to compel appellant to afford notice and for clarification of appellee’s right to defend against appellant’s petition for modification. At that hearing, appel-lee’s counsel suggested that appellant’s petition failed to state a cause of action. The trial judge sua sponte dismissed appellant’s petition for failure to state a cause of action.
We find that appellant’s petition for modification clearly alleges grounds which, if substantiated, would give the trial court a basis to modify the final judgment. A dismissal for failure to state a cause of action was, therefore, improper. Moreover, the trial judge erred in considering a dismissal of appellant’s petition at a hearing for which such a remedy was neither noticed nor framed by the pleadings. Gordon v. Gordon, 543 So.2d 428 (Fla. 2d DCA 1989).
Reversed in part and affirmed in part and remanded for treatment consistent with this opinion.
CAMPBELL, A.C.J., and THREADGILL and PATTERSON, JJ., concur.