585 So.2d 1149 (1991)
PALM BEACH MALL, INC., Appellant,
v.
Rebecca E. WALKER, As Palm Beach County Property Appraiser, et al., Appellees.
Nos. 90-1228, 90-1494.
District Court of Appeal of Florida, Fourth District.
September 18, 1991.
Kerry R. Schwencke of Kerry R. Schwencke, P.A., West Palm Beach, for appellant.
Willa A. Fearrington of Arnstein & Lehr, West Palm Beach, and Gaylord A. Wood, Jr., of Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, for appellee  Rebecca E. Walker, Richard A. Kupfer of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., West Palm Beach, for appellee  Allen C. Clark.
PER CURIAM.
This case involves a taxpayer's suit contesting the annual ad valorem tax assessment for the year 1987. The alleged errors assigned herein are the granting of an involuntary dismissal against the appellant property owner at the close of the appellant's case in chief and the assessment of costs for an expert witness against appellant.
The appellant, Palm Beach Mall, Inc., (the Mall), is an owner of a large shopping center located in the City of West Palm Beach, covering approximately seventy-four acres of land. The appellee, Property Appraiser for Palm Beach County (Property Appraiser), assessed the value of the subject property at $97,100,000 for the year 1987. The Mall sought relief from the Palm Beach County Appraisal Adjustment Board without success, leading to this suit pursuant to sections 194.171 and 194.181, Florida Statutes (1987).
*1150 At trial, the Mall presented the testimony of three expert real estate appraisers with the firm of Calloway & Price, Inc., and offered in evidence their appraisal report, which fixed the value of the property at approximately $8,000,000 less than the Property Appraiser's assessment. In addition, the Mall called John Beaupre, an appraiser with the Property Appraiser's office, as an adverse witness. All of these witnesses testified to the value of the property using the income approach to value in arriving at their respective opinions. Predictably, there was not a unanimity of opinion between the Mall's other witnesses and Mr. Beaupre. The Mall's witnesses testified in detail as to the facts upon which they based their conclusions and the Property Appraiser, on cross-examination, attempted to demonstrate that they had failed to include certain income producing business operations and that their methodology was improper. The Mall attempted to show, through Beaupre, that the Appraiser's office had used outdated material and improper measurements in arriving at its valuation. As one might guess, there was substantial disagreement about the fair market value of the property  approximately $8,000,000 worth of disagreement. Had the case been fully tried, the trial court may have been thoroughly convinced that the Property Appraiser's opinion carried the day, what with all the presumptions and things going for the Property Appraiser. Nevertheless, we are unable to say that the taxpayer totally failed to present a prima facie case, viewing the matter at the juncture at which it was concluded, i.e., on motion for an involuntary dismissal at the close of the plaintiff's case in chief.
Because of the peculiarities of the law vis-a-vis taxpayer suits challenging tax assessments, we hasten to add that, in concluding that the Mall presented a prima facie case sufficient to survive the dismissal motion we have not overlooked the various principles relied upon by the Property Appraiser. In this case there is competent evidence that the Appraiser's valuation is excessive. True, there are suggestions in the evidence that the Mall's experts are not entirely on the mark either. Furthermore, we acknowledge the authorities that hold that a plaintiff must demonstrate more than a mere difference of opinion as to the just valuation of the property in question. Keith Investments, Inc. v. James, 220 So.2d 695 (Fla. 4th DCA 1969). We also acknowledge that the Property Appraiser has great discretion in assessing property and his or her assessment carries a strong presumption of validity which, of course, gives rise to a heavy burden on the taxpayer's part. Bystrom v. Whitman, 488 So.2d 520 (Fla. 1986). Yet, we must remember that we are considering a motion to involuntarily dismiss pursuant to Florida Rule of Civil Procedure 1.420(b), made at the close of plaintiff's case in chief. Therefore, the trial judge's options are limited. He may not weigh the evidence, which is usually one of his main functions. In the present case the trial judge weighed the evidence by his own admission. In a colloquy with counsel during consideration of the motion for dismissal, the judge expressly commented that he found certain of the evidence adduced by the Property Appraiser's representative (as an adverse witness) "very persuasive," and he acknowledged that he placed "great weight" upon other evidence favorable to the Appraiser. We are thus persuaded that granting the Appraiser's motion for involuntary dismissal was premature and constituted reversible error.
The Mall also assigns as error the allowance of an expert witness fee for an "outside" expert appraiser employed by the Property Appraiser to support her case. Appellant's contentions are that the expert was not necessary; he was not subpoenaed for trial and he did not testify.
The evidence adduced at the cost hearing showed that the Appraiser felt it advisable to obtain an outside expert to support her evaluation; that it is not unusual for a Property Appraiser to employ "outside experts";[1] and the expert did attend *1151 the trial although he was not subpoenaed and did not testify. He did not testify, although he was prepared to, because the case was terminated prematurely. That he attended the trial without a subpoena is irrelevant. Accordingly, the assessment of costs for the expert witness was not improper based upon the reasons relied upon by appellant. However, because the assessment of costs remains an open question in view of our reversal and remand for a full trial, we also reverse the assessment of costs until the trial is concluded.
REVERSED AND REMANDED.
DOWNEY, GUNTHER and FARMER, JJ., concur.
NOTES
[1] Florida Rock Industries, Inc. v. Bystrom, 485 So.2d 442 (Fla. 3d DCA 1986); Bystrom v. Equitable Life Assurance Society of the United States, 416 So.2d 1133 (Fla. 3d DCA 1982); and Security Management Corp. v. Markham, 516 So.2d 959 (Fla. 4th DCA 1987), rev. den. 518 So.2d 1276 (Fla. 1987).