677 So.2d 376 (1996)
Judith HASKIN, Appellant,
v.
Eugene HASKIN, Appellee.
No. 95-1372.
District Court of Appeal of Florida, Fourth District.
July 10, 1996.
*377 Robert Resnick, Gulf Stream, for appellant.
Barry S. Franklin, of Franklin & Marbin, P.A., North Miami Beach, for appellee.
PER CURIAM.
We reverse the trial court's order involuntarily dismissing the former wife's (appellant) action to modify her alimony award, and remand for a new hearing.
It is proper to enter an involuntary dismissal only when the evidence, considered in the light most favorable to the non-moving party, fails to establish a prima facie case on the non-moving party's claim. Cohen v. Boca Woods Country Club Property Owners Ass'n, 632 So.2d 1142 (Fla. 4th DCA 1994). A trial judge may not weigh the evidence in considering a motion for involuntary dismissal. Palm Beach Mall, Inc. v. Walker, 585 So.2d 1149 (Fla. 4th DCA 1991).
It is apparent from the order that the trial judge weighed the evidence and considered the credibility of the witnesses. As such, we are compelled to reverse.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.