STONE, J.
The final judgment is reversed.
Lustig brought suit against Garcia for imposition of an equitable lien and sought restitution for unjust enrichment. In the course of the non-jury trial, the court erred by involuntarily dismissing the case before the plaintiff (Lustig) had rested. The court also erred in basing the dismissal on a credibility assessment.
Lustig testified during his case-in-chief. During cross-examination, the defense established that Lustig earns his living gambling and that he pays no federal income or social security taxes on that income. After some additional impeachment, the trial judge sua sponte dismissed the complaint, stating:
He has got the burden of proof. We got Susan saying that she overheard a conversation in which he supposedly said if anything happens to me I want Alina to have the property.
We got the felon coming in saying, Ed Flaxman saying if anything happens to me I desire this house goes to my son. *483 So we already have a conflict in their case.
I wouldn’t believe this guy if he was sitting on a stack of bibles.
The court then indicated that the defense had prevailed. At that point, Lustig’s attorney attempted to address the trial court but was interrupted by the court who essentially told the attorney to take it up with the appellate court. The trial court then terminated the proceedings. Lustig had not resumed re-direct examination or rested his case. Final judgment was entered in favor of Garcia.
Florida Rule of Civil Procedure 1.420(b), provides, in pertinent part:
(b) Involuntary Dismissal.... After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence.
Applying this rule, we have held that an involuntary dismissal may not be entered before the plaintiff has completed the presentation of his evidence. See SJS Enters. v. Cates, 547 So.2d 226 (Fla. 4th DCA 1989). See also Akdoruk v. Advanced, Jet Sys., Inc., 296 So.2d 656 (Fla. 3d DCA 1974); Sapp v. Redding, 178 So.2d 204, 206 (Fla. 1st DCA 1965).[1]
Further, even if Lustig had rested, it is well-established that in ruling on a motion for involuntary dismissal, a trial judge may not weigh the evidence or the credibility of witnesses. See Haskin v. Haskin, 677 So.2d 376, 377 (Fla. 4th DCA 1996); Palm Beach Mall, Inc. v. Walker, 585 So.2d 1149, 1150 (Fla. 4th DCA 1991); Sea Tower Apartments, Inc. v. Century Nat’l Bank, 406 So.2d 69 (Fla. 4th DCA 1981). Rather, such a decision is limited to whether the claimant has submitted a prima facie case. See Sea Tower Apartments, 406 So.2d at 70.
Therefore, the judgment is reversed. Given the comment by the trial court, the ■chief judge shall transfer the case to another division.
FARMER and SHAHOOD, JJ., concur.

. We are cognizant of the recent decision of the First District in Williams v. Salem Free Will Baptist Church, 784 So.2d 1232 (Fla. 1st DCA 2001), but need not reach the waiver issue addressed in that case as the trial court patently acknowledged Lustig’s attempt at objection.