843 So.2d 992 (2003)
BOCA GOLF VIEW, LTD., Appellant,
v.
HUGHES HALL, INC., Appellee.
No. 4D02-2641.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
*993 Theodore L. Tripp, Jr. and Elisa S. Worthington of Garvin & Tripp, P.A., Fort Myers, for appellee.
PER CURIAM.
Boca Golf View, Ltd. ("Boca Golf"), the plaintiff in the trial court, appeals the entry of an involuntary dismissal on its claim for breach of contract at the close of its case in a non-jury trial. We reverse.
Like a directed verdict in a jury trial, an involuntary dismissal is appropriate if the plaintiff fails to establish a prima facie case. See Lustig v. Garcia, 789 So.2d 482, 483 (Fla. 4th DCA 2001); Miller v. Nifakos, 655 So.2d 192, 193 (Fla. 4th DCA 1995). To rule on the motion for involuntary dismissal, the trial court was required to view the evidence in the light most favorable to the plaintiff, resolving every conflict and inference in its favor. See Dockery v. Enter. Rent-A-Car Co., 796 So.2d 593, 599-600 (Fla. 4th DCA 2001).
Boca Golf presented a prima facie case for breach of contract. It contended that appellee, Hughes Hall, Inc., breached its contractual duty to provide a study that conformed to the requirements of the City of Boca Raton. A significant basis of the trial court's ruling was that Boca Golf caused its own damages by failing to timely submit the study to the City after receiving it. This issue should properly have been raised as an affirmative defense. It was not. Boca Golf preserved its objection to this basis for the court's ruling.
An affirmative defense not pleaded is deemed waived. See Fla. R. Civ. P. 1.110(d); Martin v. E. Airlines, Inc., 630 So.2d 1206, 1208 (Fla. 4th DCA 1994); Maxfly Aviation, Inc. v. Gill, 605 So.2d 1297, 1300 (Fla. 4th DCA 1992) (finding that the failure to mitigate damages was an affirmative defense that should have been specifically pled). "An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties" is not an appropriate matter for a trial court's determination. Gordon v. Gordon, 543 So.2d 428, 429 (Fla. 2d DCA 1989); see also Fla. Atl. Marine, Inc. v. Seminole Boatyard, Inc., 630 So.2d 219, 220-21 (Fla. 4th DCA 1993). The trial court erred when it relied on a defense not raised by the pleadings to grant the motion for involuntary dismissal.
The judgment is reversed and the case is remanded for a new trial. See Wimbledon Townhouse Condo. I, Ass'n v. Wolfson, 510 So.2d 1106, 1109 (Fla. 4th DCA 1987); Panet v. Rexod Corp., 345 So.2d 825, 827 (Fla. 4th DCA 1977) (reversing for new trial where the court erroneously granted an involuntary dismissal at the close of plaintiff's case); Alcott v. Wagner & Becker, Inc., 328 So.2d 549, 551 (Fla. 4th DCA 1976).
STONE, GROSS and HAZOURI, JJ., concur.