WALSH, LISA S., Associate Judge.
George Grimsley (“the plaintiff’) appeals: (1) a final order dismissing his negligence'claim against General Motors Acceptance Corporation (“GMAC”), in case number 4D11-3364; and (2) a final order dismissing his claims for negligence and for three violations of the Fair Debt Collection Practices Act (“FDCPA”) against Moody, Jones, Ingino & Morehead, P.A. (the “law firm”), in case number 4D11-3799. These two appeals were consolidated for record purposes, but we now sua sponte consolidate these appeals for purposes of the opinion.
The negligence claims alleged that the law firm provided false credit information to GMAC and GMAC in turn provided false credit information to Equifax. GMAC moved to dismiss on the ground that the Fair Credit Reporting Act (“FCRA”) preempted any state law negligence claim. The law firm did not file its own motion, but joined in GMAC’s motion to dismiss.
We affirm the trial court’s dismissal of the negligence claims against GMAC and the law firm. We reverse, however, the trial court’s dismissal of three FDCPA *1235 claims against the law firm, where the law firm never moved to dismiss these claims below.
We review the trial court’s finding that federal law preempts state court action de novo. Talbott v. Am. Isuzu Motors, Inc., 934 So.2d 643, 644 (Fla. 2d DCA 2006).
The Supreme Court explained in Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977) that “when Congress has ‘unmistakably ... ordained’ that its enactments alone are to regulate a part of commerce, state laws regulating that aspect of commerce must fall.” Id. at 525, 97 S.Ct. 1305 (quoting Fla. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963)). Thus, when Congress explicitly states its intention to preempt state law, it may, within constitutional limits, do so.
The FCRA, 15 U.S.C. § 1681h(e), provides, inter alia:
(e) Limitation of liability
Except as provided ..., no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, ... except as to false information furnished with malice or willful intent to injure such consumer.
Federal courts have recognized that the FCRA preempts state negligence claims. “The FCRA preempts claims brought by consumers pursuant to state law ‘in the'nature of defamation, invasion of privacy, or negligence with respect to the reporting of information ... except as to false information furnished with malice or willful intent to injure such consumer.’ ” Parks v. Experian Credit Bureau, No. 6:09-cv-1284-Orl-19DAB, 2010 WL 457345, at *3 (M.D.Fla. Feb. 4, 2010) (citing 15 U.S.C. § 1681h(e)); see also Lofton-Taylor v. Verizon Wireless, 262 Fed. Appx. 999, 1002 (11th Cir.2008); Jordan v. Equifax Info. Servs., LLC, 410 F.Supp.2d 1349, 1355 (N.D.Ga.2006). Accordingly, the negligence claims were preempted by federal law and were properly dismissed.
However, the trial court’s order dismissing the three counts for violation of the FDCPA against the law firm must be reversed where the law firm did not independently move to dismiss these claims. GMAC filed a motion to dismiss the negligence claim. While the law firm joined in GMAC’s motion, the firm never moved to dismiss the separate FDCPA claims. The plaintiff specifically objected that the law firm “should not be able to piggyback” off of the GMAC motion because he stated different claims against the law firm. Moreover, counsel for the law firm was under the misapprehension that the three remaining claims were pled under the FCRA, not the FDCPA. The law firm never addressed the FDCPA claims either in a written motion or at the hearing. Therefore, we reverse. See SPCA Wildlife Care Ctr. v. Abraham, 75 So.3d 1271, 1275 (Fla. 4th DCA 2011) (an order adjudicating issues not raised by the pleadings, not properly noticed, and not litigated below denies fundamental due process); Boca Golf View, Ltd. v. Hughes Hall, Inc., 843 So.2d 992, 993 (Fla. 4th DCA 2003) (“ ‘An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties’ is not an appropriate matter for a trial court’s determination.”) (quoting Gordon v. Gordon, 543 So.2d 428, 429 (Fla. 2d DCA 1989)).
The remaining issues on appeal are without merit and are affirmed.

*1236
Affirmed in part, reversed in part and remanded.

STEVENSON and CIKLIN, JJ., concur.