DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A.,**
Appellant,

v.

**ALFREDO GONZALEZ, ALEXANDRA GONZALEZ** a/k/a **ALEXANDRA B. GONZALEZ, MAGALY M. GONZALEZ, THE UNKNOWN SPOUSE OF MAGALY M. GONZALEZ** n/k/a **JOHN DOE,** Any And All Unknown Parties Claiming By, Through, Under, And Against The Herein Named Individual Defendant(s) Who Are Not Known To Be Dead Or Alive, Whether Said Unknown Parties May Claim An Interest As Spouses, Heirs, Devisees, Grantees, Or Other Claimants, **WELLS FARGO BANK, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION, SILVER SHORES MASTER ASSOCIATION, INC., STATE OF FLORIDA, BROWARD COUNTY,** and **BROWARD COUNTY CLERK OF THE CIRCUIT COURT,**
Appellees.

No. 4D14-145

[ March 2, 2016 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Kathleen D. Ireland, Judge; L.T. Case No. CACE10023406(13).

Jessica Zaiger Wallace of Carlton Fields Jorden Burt, Miami, and Michael K. Winston and Dean A. Morande of Carlton Fields Jorden Burt, West Palm Beach, for appellant.

Thais Hernandez of The Law Firm of Thais Hernandez, Esq., Miami Lakes, for Appellees Alfredo Gonzalez, Alexandra Gonzalez and Magaly M. Gonzalez.

TAYLOR, J.

Wells Fargo Bank, N.A. ("Wells Fargo") appeals the final judgment entered in favor of the defendants below, Alfredo, Alexandra, and Magaly Gonzalez (the "Gonzalezes"), after its mortgage foreclosure case was involuntary dismissed. Because the trial court violated Wells Fargo's due process rights by granting the involuntary dismissal on an unpled defense

without affording Wells Fargo the opportunity to be heard, we reverse and remand for further proceedings.

On November 29, 2006, the Gonzalezes executed and delivered a Mortgage and Note to Wachovia Mortgage Corporation to secure the purchase of their property in Broward County. In June 2010, Wells Fargo filed a mortgage foreclosure complaint against the Gonzalezes and the Silver Shores Master Association, a homeowners' association. Wells Fargo alleged that it was entitled to enforce the Mortgage and Note by virtue of a merger with Wachovia Bank. In May 2011, Alfredo and Alexandra Gonzalez filed an answer and raised fifteen affirmative defenses. Magaly Gonzalez filed a separate answer and asserted fifteen affirmative defenses.

On March 14, 2013, the Gonzalezes moved for an involuntary dismissal, arguing that the parties settled all matters between them by the execution of a settlement agreement with a general mutual release. Pursuant to the agreement, Wells Fargo, as the lender, RAMS Management Group Investment, Inc., as the borrower, and Sergio Campanioni and Alfredo Gonzalez, as the guarantors, settled claims regarding two properties: one in Lee County, Florida and one in Blount County, Tennessee. The agreement did not mention the subject of this foreclosure action—the property in Broward County, Florida. The agreement also contained a clause in which the parties purported to release each other from any causes of action in law or in equity that arose before the agreement. Campanioni, Gonzalez, and a Wells Fargo representative signed the agreement and dated it 2011. There was no month or day listed.

The trial court initially denied the Gonzalezes' motion for involuntary dismissal and set the matter for trial. However, the trial court later vacated the order and scheduled the motion to be heard before opening statements on the day of trial. At the hearing, Wells Fargo argued that the settlement agreement did not apply to the instant foreclosure action and that the Gonzalezes failed to raise the issue of release in their amended answer. After reviewing the general release, the court determined that the document covered all actions between the parties, despite the agreement's references to claims concerning two unrelated properties. Wells Fargo attempted to call Mr. Gonzalez as a witness to question him about the settlement agreement, but the court refused to go beyond the four corners of the settlement agreement.

On November 25, 2013, the trial court granted the Gonzalezes' motion for final judgment of involuntary dismissal and dismissed the action based on the general mutual release in the settlement agreement. Wells Fargo filed a motion for rehearing. It again argued that the release in the

2

settlement agreement made no reference to the subject property and was unrelated to the instant action. The trial court denied the motion.

Wells Fargo raises two procedural arguments on appeal, asserting that the trial court erred by: (1) entering judgment based on an unpled defense, and (2) granting a motion for dismissal without permitting Wells Fargo to present any evidence. On the merits, Wells Fargo contends the trial court erred in finding that the release applied to this mortgage foreclosure action.

The standard of review for an order granting a motion for involuntary dismissal is *de novo*. *Deutsche Bank Nat'l Trust Co. v. Huber*, 137 So. 3d 562, 563 (Fla. 4th DCA 2014). "When an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party." *Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So. 3d 58, 60 (Fla. 4th DCA 2012).

Florida Rule of Civil Procedure 1.420(b) provides for an involuntary dismissal for lack of evidence only "[a]fter a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence . . . ." "[I]f the trial judge sitting without a jury concludes that upon the facts and the applicable law the plaintiff has shown no right to relief, then his order dismissing the plaintiff's cause should be affirmed unless clearly erroneous." *Lake Charleston Maint. Ass'n, v. Farrell*, 16 So. 3d 182, 185 (Fla. 4th DCA 2009) (alteration in original) (quoting *Lorber v. Aetna Life Ins. Co.*, 207 So. 2d 305, 308 (Fla. 3d DCA 1968)). However, the trial court commits reversible error when it orders an involuntary dismissal before the plaintiff has rested its case. *See Lustig v. Garcia*, 789 So. 2d 482, 483 (Fla. 4th DCA 2001) (holding that "an involuntary dismissal may not be entered before the plaintiff has completed the presentation of his evidence").

Granting a motion for involuntary dismissal before the plaintiff has completed its case has due process implications, because the constitutional guarantee of due process requires that each litigant be given a full and fair opportunity to be heard. *A.N. v. M.F.-A.*, 946 So. 2d 58, 59-60 (Fla. 3d DCA 2006). Similarly, there are due process implications when a trial court dismisses a cause of action on grounds not pled, because the claim is being dismissed without "notice and an opportunity for the parties and counsel to be heard." *Liton Lighting v. Platinum Television Grp.*, 2 So. 3d 366, 367 (Fla. 4th DCA 2008) (quoting *Kerrigan, Estess, Rankin & McLeod v. State*, 711 So. 2d 1246, 1249 (Fla. 4th DCA 1998)).

3

In this case, the trial court dismissed the case because of a general release in a settlement agreement between Alfredo Gonzalez and Wells Fargo. A release is an affirmative defense. Fla. R. Civ. P. 1.110(d). "Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading . . . ." Fla. R. Civ. P. 1.140(b). "Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter . . . ." *Id.*

In *Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So. 2d 992 (Fla. 4th DCA 2003), we reversed a judgment of involuntary dismissal because the basis for the dismissal was not properly raised as an affirmative defense. *Id.* at 993. In *Boca Golf*, the plaintiff alleged that the defendant breached its contractual duty to provide a study that conformed to the city's requirements. *Id.* at 993. During trial, the court granted a motion for involuntary dismissal on the grounds that the plaintiff caused its own damages by failing to timely submit the study to the city after receiving it from the defendant. *Id.* The defendant raised this causation issue for the first time at trial. *Id.* We concluded that the defendant waived the issue by failing to raise it in a pleading. *Id.*

*Boca Golf View* is instructive in this case. Here, the Gonzalezes filed answers and affirmative defenses to Wells Fargo's foreclosure complaint in May 2011. The parties executed the settlement agreement that same year. However, none of those affirmative defenses addressed a settlement/release. In March 2013, approximately two years later and a month after the case was set for trial, the Gonzalezes filed the motion for involuntary dismissal on the grounds that the parties had signed a settlement agreement with a mutual release. Pursuant to Rule 1.110(d), a release is an affirmative defense that must be set forth in a responsive pleading. Since the Gonzalezes failed to raise this defense in their responsive pleading and never amended their answer, they have waived this defense.

In their answer brief, the Gonzalezes do not address their failure to plead release as an affirmative defense. Instead, they argue that Wells Fargo's due process rights were not violated because Wells Fargo had notice of the settlement agreement and the opportunity to present evidence. They argue that Wells Fargo had notice of the release because Wells Fargo drafted the settlement agreement. However, there is no evidence that Wells Fargo drafted the release. The Gonzalezes never submitted any evidence on this issue, and Wells Fargo's counsel never conceded that Wells Fargo drafted the agreements.

4

Next, the Gonzalezes contend that Wells Fargo's due process rights were not violated because Wells Fargo had the opportunity to present evidence at multiple hearings. The parties attended three hearings before the trial court granted the motion for involuntary dismissal. After the April 19, 2013 hearing, the trial court ordered the matter to be specially set for an evidentiary hearing prior to trial. On August 23, 2013, the issue was addressed during a non-evidentiary hearing on another motion. The trial court denied the motion for involuntary dismissal, but then later vacated the order. Finally, on November 21, 2013, the trial court held a non-evidentiary hearing prior to trial. The trial court refused to allow Wells Fargo to present any evidence. Although there were three hearings on this issue, they were all non-evidentiary hearings. Wells Fargo was thus denied the opportunity to be heard, because it did not have the opportunity to present evidence at any of these hearings. *See Begens v. Begens*, 617 So. 2d 360, 361 (Fla. 4th DCA 1993) ("An opportunity to be heard includes the right to present evidence bearing on the issues.").

The Gonzalezes also contend that this court should affirm the trial court's decision under the tipsy coachman rule. *See Bueno v. Workman*, 20 So. 3d 993, 998 (Fla. 4th DCA 2009) ("Under the tipsy coachman rule, 'if a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support judgment in the record.'") (quoting *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999)). Specifically, they argue that their motion for involuntary dismissal should be treated as a motion for summary judgment. Florida Rule of Civil Procedure 1.510 governs motions for summary judgment. Rule 1.510(c) states, in pertinent part, that "[t]he movant shall serve the motion at least 20 days before the time fixed for the hearing, and shall also serve at that time a copy of any summary judgment evidence on which the movant relies that has not already been filed with the court." Rule 1.510(e) requires that the movant provide sworn or certified copies of any documents it relies on for summary judgment.

In this case, the Gonzalezes filed the motion for involuntary dismissal on March 19, 2013, and the first hearing on the motion occurred on April 19th. Although they served the motion at least twenty days before the first hearing, they failed to a serve a copy of the summary judgment evidence in compliance with Rule 1.510(e). The Gonzalezes simply attached the settlement agreement to the motion as an exhibit. "Merely attaching documents which are not 'sworn to or certified' to a motion for summary judgment does not, without more, satisfy the procedural strictures inherent in Fla. R. Civ. P. 1.510(e)." *Bifulco v. State Farm Mut. Auto. Ins. Co.*, 693 So. 2d 707, 709 (Fla. 4th DCA 1997). In addition, the substance of the motion for involuntary dismissal does not put Wells Fargo on notice

5

that it had to serve any summary judgment evidence on which it would rely to show that there were genuine issues of material fact.  *See* Fla. R. Civ. P. 1.510(c) (requiring the party opposing the motion for summary judgment to serve any evidence on which it would rely).  To the contrary, Wells Fargo expected to have an evidentiary hearing on the issues.  Because of the deficiencies discussed above, the motion for involuntary dismissal in this case cannot be treated as a motion for summary judgment.

Next, the Gonzalezes argue that Rule 1.420 does not apply to this case because the trial court ruled on the motion for involuntary dismissal prior to trial.  Specifically, the Gonzalezes argue that the trial court was not required to allow the plaintiff to complete the presentation of evidence because the court intended for the motion to be heard before trial.  Despite the fact that the trial court set the motion hearing before the commencement of trial, it was improper to grant the motion for involuntary dismissal before the plaintiff completed its case in chief.  *See Lustig*, 789 So. 2d at 483.

Finally, the Gonzalezes argue that the pleadings could be conformed to the evidence because the merits of the cause would be more effectively presented and Wells Fargo failed to prove that it would be prejudiced in maintaining an action on the merits.  Florida Rule of Civil Procedure 1.190(b) states that "[i]f the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits."  Here, after Wells Fargo objected on the grounds that the release was not presented in the pleadings, the Gonzalezes never moved to amend the pleadings.  Therefore, Wells Fargo never had the opportunity to demonstrate whether it would be prejudiced in maintaining an action on the merits.

In sum, the trial court erred in granting the motion for involuntary dismissal on an unpled defense and without affording Wells Fargo the opportunity to be heard.  We do not address Wells Fargo's argument that the release did not apply to this foreclosure action, because we find that the Gonzalezes have waived the release defense.  *See Boca Golf View*, 843 So. 2d at 993.

For the above reasons, we reverse the final judgment and remand for further proceedings consistent with this opinion.

*Reversed and Remanded for further proceedings.*

CIKLIN, C.J., and FORST, J., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***