DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAIME ANDRES VILLALBA,**
Appellant,

v.

**MICHELLE FRANCHESCA VILLALBA,**
Appellee.

No. 4D20-1474

[April 28, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Sarah Willis, Judge; L.T. Case No. 50-2015-DR-004555-XXXX-MB.

David M. Scott of Florida Family Law Clinic, LLC, Fort Lauderdale, for appellant.

No brief filed on behalf of appellee.

PER CURIAM.

The former husband, Jaime Andres Villalba, appeals an order granting the former wife's motion to dismiss his petition for modification of timesharing and child support with prejudice. We affirm.

The parties entered into a marital settlement agreement that provided the former husband with roughly 20% timesharing. The agreement was incorporated into a final judgment of dissolution entered in 2016.

In 2019, the former husband filed a supplemental petition to modify the judgment to enable him to exercise 50% timesharing and to modify his child support obligation accordingly. In support of modification, he indicated that at the time of the final judgment, he was living at his parents' home and did not have a separate bedroom for the children, so he was unable to agree to 50% timesharing. Now, however, his living arrangements include an extra bedroom for the children, which he contends is a material, substantial, and unanticipated change in circumstances. The former wife moved to dismiss the supplemental petition, contending that the former husband's alleged basis for

modification did not constitute a material, substantial, and unanticipated change in circumstances. The trial court agreed and dismissed the petition. The former husband conceded that he cannot in good faith allege any facts different from those already alleged.

Whether a petition to modify timesharing states a cause of action is an issue of law reviewed de novo. *Izquierdo v. Del Valle*, 294 So. 3d 946, 947 (Fla. 4th DCA 2020). Dismissal of a petition for modification for failure to state a cause of action is proper where the petition alleges grounds which, if substantiated, would not give the trial court a basis to modify the final judgment. *See Wilson v. Wilson*, 575 So. 2d 782, 783 (Fla. 2d DCA 1991).

"[A] time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." § 61.13(3), Fla. Stat. (2020). "Stated differently, a movant must show that (1) circumstances have substantially and materially changed since the original custody determination, (2) the change was not reasonably contemplated by the parties, and (3) the child's best interests justify changing custody." *Reed v. Reed*, 182 So. 3d 837, 840 (Fla. 4th DCA 2016). "Demonstrating to the court that there has been a sufficient substantial change in circumstances places an extraordinary burden on the party seeking to modify the custody order." *Id.* (internal quotation marks omitted) (quoting *Chamberlain v. Eisinger*, 159 So. 3d 185, 189 (Fla. 4th DCA 2015)).

Florida courts have repeatedly held that a parent's mere move or life improvement to an environment more conducive to children is not a substantial, material, and unanticipated change in circumstances to justify modification of timesharing. *See, e.g.*, *Bryan v. Wheels*, 295 So. 3d 889, 891 (Fla. 1st DCA 2020) ("Florida law doesn't consider such a move [into the children's state]—by itself and without any showing of how that move impedes the present timesharing plan—to necessarily constitute a substantial and material change in circumstances."); *Reed*, 182 So. 3d at 841 ("The fact that the father now has a relatively stable home environment is, in and of itself, inadequate to constitute a substantial change in circumstances."); *Bartolotta v. Bartolotta*, 687 So. 2d 1385, 1387 (Fla. 4th DCA 1997) ("[T]he relative stability of a parent's home environment is itself inadequate to constitute a substantial and material change.").

The trial court properly dismissed the former husband's petition. The grounds alleged, taken as true, do not establish a substantial, material, and unanticipated change in circumstances. Additionally, nothing in the marital settlement agreement supports a conclusion that an additional

available bedroom in the former husband's residence is a substantial and unanticipated change of circumstances.  Consequently, we affirm.

*Affirmed.*

CIKLIN, GERBER and FORST, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***