[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 20-10636

————————————————

HOLLISTER INCORPORATED,
an Illinois corporation,

                                        Plaintiff-Appellee,

*versus*

ZASSI HOLDINGS, INC.,
a Florida corporation
f.k.a. Zassi Medical Evolutions, Inc.,
PETER VON DYCK,
an individual,

                                        Defendants-Appellants.

―――――――――――――

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:13-cv-00132-TJC-PDB

―――――――――――――

Before WILLIAM PRYOR, Chief Judge, LAGOA, Circuit Judge, and WATKINS,* District Judge.

PER CURIAM:

In 2018, after a jury trial on liability and a bench trial on damages, we remanded this intellectual property case to reconsider the award of damages. This second appeal involves issues from both the liability and damages portions of the bifurcated trial. Because the liability issues were not properly raised in the first appeal after the liability verdict, only issues related to the second damages trial are properly before us. After careful review, we affirm the district court's final judgment in favor of Hollister.

## I.

This case has a complicated procedural history, but the elementary facts have long been resolved. In September 2006, Hollister Incorporated entered into an agreement with Zassi Holdings, Inc., to purchase technology and patented intellectual property

―――――――――――――

* Honorable W. Keith Watkins, United States District Judge for the Middle District of Alabama, sitting by designation.

rights to a bowel management system for bedridden medical patients. The parties formalized the terms in a written asset purchase agreement.

Unbeknownst to Hollister, Zassi had previously encumbered the same intellectual property in an agreement with a competitor, ConvaTec, Inc. In settling a patent infringement dispute between Zassi and ConvaTec, Zassi agreed to release ConvaTec and its allegedly offending products from future claims of infringement of the Zassi technology, including the relevant intellectual property in exchange for a payment of 5.9 million dollars from ConvaTec. The 2005 release was not an assignment of the patent or associated rights, but simply a "go away, leave us alone, and don't come back" release in favor of ConvaTec. ConvaTec paid Zassi, in effect, for permission to continue its infringement without recourse by Zassi.

In 2010, Hollister noticed the same apparent infringement by ConvaTec that Zassi had alleged in its 2005 dispute with ConvaTec. Unaware of the release, Hollister filed suit against ConvaTec and C.R. Bard in the Northern District of Illinois, claiming that their products infringed the intellectual property that Hollister had purchased from Zassi. ConvaTec responded by producing the settlement agreement and release, and Hollister was thereby defeated on a motion for summary judgment. Hollister then filed this suit to recover damages from Zassi and Peter von Dyck, the chairman and chief executive officer of Zassi.

Hollister asserted a claim against Zassi for breach of warranty of good and marketable title contained in the asset purchase agreement entered into by Hollister and Zassi, as well as a claim against Zassi and von Dyck individually for fraudulent inducement. Hollister's claims stem from the Defendants' failure to disclose the release in the settlement agreement with ConvaTec during the 2006 negotiations leading up to the asset purchase agreement between Zassi and Hollister.

The district court bifurcated the trial of the liability and damages issues. Liability was tried to a jury in February 2014. The jury rendered a verdict for Hollister on both counts, finding that Zassi breached the asset purchase agreement and that both Zassi and von Dyck defrauded Hollister by failing to disclose its settlement agreement with ConvaTec.[1] In December 2015, the district court conducted a bench trial on damages after the parties waived a jury trial of that issue. *See Hollister Inc. v. Zassi Holdings, Inc.*, 2016 WL 1238025, *3 (M.D. Fla. Mar. 30, 2016). The district court determined that, although ConvaTec's products in fact infringed Hollister's patent, Hollister had failed to prove it was entitled to any damages. *See id.* at *8, *16. Accordingly, the district court entered a split-decision final judgment awarding Hollister no damages. *See id.* at *16. Thus, Hollister won and lost, and Zassi lost and won in

---

[1] A default was entered against Zassi on September 3, 2015, after its attorney withdrew and it failed to retain new counsel. Von Dyck has consistently continued to defend the case.

the bifurcated trials.  That was the posture of the case before the first panel.

Hollister filed a timely appeal of the *damages* ruling, and a panel of this Court reversed the district court and remanded the case for a new trial on damages.  *See Hollister Inc. v. Zassi Holdings, Inc.*, 752 F. App'x 888, 897 (11th Cir. 2018).  We reversed on two grounds—both relating solely to the damages portion of the proceedings.  First, pursuant to Florida law, the district court should have calculated damages as of the time of the Defendants' fraud, as opposed to the date of Hollister's unsuccessful infringement action against ConvaTec.  *Id.* at 893–95.  Second, the district court erred in finding that Hollister had failed to prove it was entitled to any damages.  *Id.* at 895–97.

But that is not all that is relevant about the first appeal.  Pursuant to Rule 28.1 of the Federal Rules of Appellate Procedure, von Dyck filed a cross-appeal of Hollister's appeal of the final judgment of the damages trial.  In a preliminary order, we dismissed von Dyck's cross-appeal *sua sponte*, noting that because no damages were awarded to Hollister, von Dyck, as the prevailing party on damages, lacked standing to cross-appeal.  *Hollister Inc. v. Zassi Holdings, Inc.*, No. 16-17734-AA, slip op. at 3–4 (11th Cir. filed May 18, 2017).  We did, however, indicate in our dismissal order that the panel would consider "alternative bases on which to affirm the [final] judgment."  *Id.* at 4.  Indeed, we later addressed von Dyck's liability arguments in our opinion.  *See Hollister*, 752 F. App'x at 896 n.10.

6                    Opinion of the Court                20-10636

On remand, the district court held the second bench trial on damages in December 2019.  The district court awarded Hollister 9.2 million dollars and again entered a final judgment, this time including damages.  Von Dyck and Zassi filed a timely appeal.  That second appeal is now before us.

## II.

"Following a bench trial, we review legal conclusions de novo and findings of fact for clear error."  *Carithers v. Mid-Continent Cas. Co.*, 782 F.3d 1240, 1245 (11th Cir. 2015).

## III.

The liability issues that Zassi and von Dyck present here were either resolved by the first panel or, if not argued then, have been forfeited.  Though von Dyck's cross appeal was dismissed for lack of standing, that panel added:  "Nonetheless, [von Dyck's] responsive brief may seek to raise alternative bases on which to affirm the [2016 final] judgment, and we decide nothing about the panel's consideration of any such arguments." *Hollister*, slip op. at 4 (11th Cir. filed May 18, 2017).  In fact, some of the liability arguments Zassi and von Dyck assert in this appeal were addressed and rejected in the prior appeal. *See Hollister*, 752 F. App'x at 896 n.10 ("We may, of course, affirm the district court's judgment for any reason supported by the record, even if not relied upon by the district court.  But we are not persuaded that the record supports either of von Dyck's alternative arguments.  First, von Dyck argues that . . . he was entitled to judgment as a matter of law regarding

20-10636            Opinion of the Court                    7

*liability* on the fraud claim . . . ." (internal citation omitted) (emphasis added)). Those arguments are foreclosed by the law-of-the-case doctrine, which "bar[s] relitigation of issues resolved explicitly or by necessary implication in an earlier appeal." *CSX Corp. v. United States*, 18 F. 4th 672, 678 (11th Cir. 2021). And new arguments that Zassi and von Dyck advance in this appeal—but that were not advanced in the previous appeal—are forfeited because issues not raised in a responsive brief by appellees are forfeited. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012); *see also Young v. Grand Canyon Univ., Inc.*, 980 F.3d 814, 821 n.4 (11th Cir. 2020).

The issue of liability is simply not before us in this appeal. The jury's verdict on liability stands, and only damages issues will be considered.

## IV.

Zassi and von Dyck argue that, under Florida law, Hollister is precluded from recovering damages that Hollister failed to mitigate in the ConvaTec litigation. *See Syst. Components Corp. v. Fla. Dep't of Transp.*, 14 So. 3d 967, 982 (Fla. 2009). Appellants specifically assert that Hollister failed to mitigate its damages because it did not argue that the ConvaTec release was void for failure to properly record it pursuant to 35 U.S.C. § 261. Appellants' position is that a recording under section 261 would have completely mitigated and avoided any damage Hollister sustained as a result of Zassi's breach of contract and Zassi and von Dyck's fraudulent misrepresentations.

As Hollister notes, this issue was not raised at the second bench trial on damages and was therefore not preserved. "A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal." *CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1336 (11th Cir. 2017) (quoting *In re Pan Am. World Airways*, 905 F.2d 1457, 1462 (11th Cir. 1990)). Appellants have not provided evidence from the record that these issues were ever presented to the district court below, despite three appearances and trials there. Based on this record, we conclude that Appellants have not preserved the issue for appeal.

Even if the issue were preserved, Appellants would have failed to meet their burden of proof. The defense of mitigation of damages is an affirmative defense. *See Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So. 2d 992, 993 (Fla. Dist. Ct. App. 2003) (explaining that failure to mitigate damages is an affirmative defense that must be specifically pled). A defendant bears the burden of proving an affirmative defense at trial. *Maxfly Aviation, Inc. v. Gill*, 605 So. 2d 1297, 1300 (Fla. Dist. Ct. App. 1992) (citing *Juvenile Diabetes Rsch. Found. v. Rievman*, 370 So. 2d 33 (Fla. Dist. Ct. App. 1979) for the proposition that "mitigation of damages issue . . . must be . . . proved at trial by greater weight of the evidence"). Here, Appellants would have had to prove that recording would have mitigated, or avoided, Hollister's damages. And Appellants could not have satisfied their burden of proof because they did not offer any evidence that would have supported such a defense.

Finally, Appellants fundamentally mischaracterize section 261 on the merits.  Section 261 does not establish a requirement to record releases of claims of patent infringement.  It establishes an ownership recordation mechanism for "the assignment, grant or conveyance" of patents, allowing assignees to be assured that they are purchasing a valid interest.  Section 261 specifically states that any "assignment, grant or conveyance" will be void if notice is not "recorded in the Patent and Trademark Office within three months from its date . . . ."  35 U.S.C. § 261.  Notably absent in section 261 is any mention of releases.  In fact, none of the cases that Appellants cite mention the recordation of releases under section 261.

For a multitude of reasons, Appellants' mitigation of damages argument fails.

## V.

We **AFFIRM** the district court's award of damages to Hollister Incorporated in the amount of 9.2 million dollars.