NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ARC HUD I, LLC,                                )
                                               )
        Appellant,                          )
                                               )
v.                                             )  Case No. 2D15-4848
                                               )
DONALD C. EBBERT; LINDA M.                     )
EBBERT; CROSSROADS MOBILE                      )
HOME COMMUNITY HOMEOWNER'S                      )
ASSOCIATION, INC.; WELLS FARGO                 )
BANK, NATIONAL ASSOCIATION as                  )
successor by merger to Crossland               )
Mortgage Corp.; and CHRIS ROBBINS,             )
                                               )
        Appellees.                          )
_____)

Opinion filed March 10, 2017.

Appeal from the Circuit Court of Pasco
County; Linda H. Babb, Judge.

Nicholas R. Cavallaro of Gilbert
Garcia Group, P.A., Tampa, for
Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellees Donald and
Linda Ebbert.

No appearance for remaining Appellees.


SLEET, Judge.

ARC HUD I, LLC,[1] challenges the trial court's order granting final summary judgment in favor of Donald and Linda Ebbert in its foreclosure action against the Ebberts. The basis for summary judgment was the Ebberts' contention that ARC HUD I failed to comply with a condition precedent required by Housing and Urban Development (HUD) regulations that applied to the Ebberts' mortgage. ARC HUD I, however, maintained below that one of the regulation's exceptions applied and that it therefore did not have to comply with the condition precedent. Because a genuine issue of material fact remained regarding whether the regulation's exception applied to ARC HUD I, we conclude that summary judgment was not proper and we reverse.

On January 21, 2007, the Ebberts executed a note and mortgage in which the lender was identified as Secured Funding Corporation. Secured Funding later endorsed the note to MVB Mortgage Corporation. On November 8, 2011, MVB filed a foreclosure complaint against the Ebberts. During the pendency of the foreclosure action, MVB assigned the note and mortgage to ARC HUD I and ARC HUD I was substituted as plaintiff.

The Ebberts subsequently filed a motion for summary judgment, arguing that "Plaintiff failed to comply with the face-to-face counseling requirements of 24 C.F.R. § 203.604." Pursuant to the statute, before instituting foreclosure proceedings on a mortgage insured by HUD, "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full

---

[1]In various pleadings in this court and the trial court, Appellant alternatively refers to itself as either ARC HUD I, LLC, or ARC 1 HUD, LLC. For purposes of this opinion, we will refer to Appellant as ARC HUD I, LLC.

monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b) (2010).[2] However, the statute also provides a number of exceptions under which such a meeting would not be required, including when "[t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either." 24 C.F.R. § 203.604(c)(2).

To support their summary judgment motion, the Ebberts attached the affidavit of Mrs. Ebbert in which she stated, "I never participated in any face-to-face counseling with Plaintiff . . . . Plaintiff has no excuse to avoid this requirement . . . as I reside in the property and Plaintiff has a branch within 200 miles of the property (and has had such a branch since the time of the alleged default)." In defense of the motion, ARC HUD I filed the affidavit of its agent Nakeisha Williams, who stated that "ARC HUD I, LLC and prior Plaintiff, MVB Mortgage Corp., do not have servicing centers or branch offices located within 200 miles of the subject property."

At the summary judgment hearing, counsel for the Ebberts argued that ARC HUD I's affidavit was insufficient because it stated that ARC HUD I and MVB "do not have"—present tense—branches within 200 miles of the property. The Ebberts maintained that this statement merely indicated that there were no branches within 200 miles of the property at the time the affidavit was sworn. They argued that the relevant issue was whether MVB—the servicer at the time of the default and original party plaintiff—had an office within 200 miles of the property at the time of the alleged default.

In granting the motion for summary judgment, the trial court stated:

---

[2]See also 24 C.F.R. § 203.500 ("This subpart identifies servicing practices of lending institutions that HUD considers acceptable for mortgages insured by HUD. . . . It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed.").

The problem is that it says now. . . . [T]he whole default and everything happened when MVB was the mortgage company. And what MVB has now doesn't matter. We need your person to go back and look at and verify and have in an affidavit that, back in the day, MVB didn't have an office within 200 miles of the subject property, because she doesn't say that.

. . . .

But she has to say so in the affidavit. . . . [I]t had to have been more than 200 miles from the subject property back at the time this was going on. Not now, because now [doesn't] matter.

. . . .

Because it has to be at a particular—there is a particular time period on the HUD thing. They have to—it is within thirty days after such default. So we are going back to the time of the default so it is back at that time. . . . If it said, do not, never did have, then I would buy it. But that is not what it says. So there is no material issue of fact.

On rehearing, ARC HUD I attached an amended affidavit from Williams, in which she stated:

Plaintiff ARC HUD I, LLC, Mortgagee[;] Secure Funding Corp.[;] and prior plaintiff, MVB Mortgage Corp. have never had any servicing centers or branch offices located within 200 miles of the subject property.

Furthermore . . . Secured Funding Corp., is a California Corporation. MVB Mortgage Corp., is a Michigan Corporation and neither had servicing centers or branch offices within 200 miles of the subject property three months prior to the alleged default of June 1, 2011.

The trial court denied the motion for rehearing. This was error. ARC HUD I's amended affidavit created a material issue of fact as to whether MVB had a branch office within 200 miles of the property at the time of default and thus was required to conduct a face-to-face meeting with the Ebberts pursuant to 24 C.F.R.

- 4 -

§ 203.604(b).  The trial court, however, ignored the fact that the amended affidavit contained the very language that the court specifically indicated was necessary to create a genuine issue of material fact.  As such, the trial court's grant of summary judgment was improper.  See Laurencia v. Deutsche Bank Nat'l Trust Co., 65 So. 3d 1190, 1192 (Fla. 2d DCA 2011) ("A movant is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " (quoting Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc., 928 So. 2d 1272, 1274 (Fla. 2d DCA 2006))).

We also note that ARC HUD I was not precluded from filing an amended affidavit in connection with its motion for rehearing.  "[U]nder Florida Rule of Civil Procedure 1.530 a judge has broad discretion to grant a rehearing of a summary judgment when the party seeking rehearing submits matters that would have created an issue precluding summary judgment if they had been raised prior to the hearing on the motion."  Fatherly v. Cal. Fed. Bank, 703 So. 2d 1101, 1102 (Fla. 2d DCA 1997).  "Almost *any* additional evidence, whether newly discovered or not, is sufficient for relief on a timely motion for rehearing of a summary judgment if in the discretion of the trial judge it presents a triable issue of a material fact."  Id. (quoting Kash N' Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So. 2d 786, 789 (Fla. 2d DCA 1969)).

Because the amended affidavit in opposition to summary judgment filed with the motion for rehearing created a genuine issue of material fact as to whether the mortgagee and the loan servicer had a branch office within 200 miles of the property during the time period before three full monthly installments due on the mortgage went

unpaid—and thus created an issue as to whether MVB was at the time required to comply with the face-to-face meeting requirement of 24 C.F.R. § 203.604(b)—we reverse and remand for further proceedings.

Reversed and remanded.

CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.