NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD J. DEROUIN and KIM E. )
DEROUIN, )
           )
        Appellants, )
           )
v. )      Case No.  2D17-1002
           )
UNIVERSAL AMERICAN MORTGAGE )
COMPANY, LLC, a Florida limited )
liability company, )
           )
        Appellee. )
_____ )

Opinion filed August 22, 2018.

Appeal from the Circuit Court for Pasco
County; Alicia Polk, Judge.

Dineen Pashoukos Wasylik and Jared M.
Krukar of DPW Legal, Tampa, for
Appellants.

Laura H. Howard and Stanford R. Solomon
of The Solomon Law Group, P.A., Tampa,
for Appellee.

LaROSE, Chief Judge.

       Richard and Kim Derouin appeal a final foreclosure judgment entered in

favor of Universal American Mortgage Company, LLC.  We have jurisdiction.  See Fla.

R. App. P. 9.030(b)(1)(A).  The Derouins contend that Universal failed to engage in the

face-to-face meeting required by 24 C.F.R. § 203.604 (2012) prior to filing the

foreclosure lawsuit. Critical to our resolution of this matter, they maintain that the trial court erred in finding that they waived Universal's compliance with the federal regulations. Because the record before us does not show waiver, we reverse and remand for entry of an order of involuntary dismissal.

## Background

Universal loaned money to the Derouins to buy a home. The loan, insured by the Federal Housing Administration, was memorialized by a note and secured by a mortgage. The note provided that, if the Derouins defaulted, Universal "may, except as limited by regulations of the Secretary [of Housing and Urban Development] in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . . This Note does not authorize acceleration when not permitted by HUD regulations." (Emphasis added).

The HUD regulations upon which the Derouins rely provide, in relevant part, as follows: "The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b).[1] The regulations also cabin the mortgagee's ability to foreclose until the face-to-face interview is conducted. See 24 C.F.R. § 203.500 ("This subpart identifies servicing practices of lending institutions that HUD considers acceptable for mortgages insured by HUD. . . . It is the intent of the Department that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed.").

---

[1]These regulations, pertaining to FHA-backed loans to "high-risk borrowers," ensure that the lender "would engage in 'loss mitigation' measures . . . with the defaulting borrower, before foreclosing." U.S. ex rel. Advocates for Basic Legal Equality, Inc. v. U.S. Bank, N.A., 816 F.3d 428, 429 (6th Cir. 2016).

The regulations establish several exceptions to the face-to-face meeting requirement, two of which apply here. First, a mortgagee may be excused from conducting the interview when "[t]he mortgagor has clearly indicated that he will not cooperate in the interview." 24 C.F.R. § 203.604(c)(3). Second, a meeting is unnecessary when "[a] reasonable effort to arrange a meeting is unsuccessful." 24 C.F.R. § 203.604(c)(5). "A reasonable effort to arrange a face-to-face meeting with the mortgagor" includes "at a minimum . . . one letter sent to the mortgagor certified by the Postal Service as having been dispatched" and "at least one trip to see the mortgagor at the mortgaged property." 24 C.F.R. § 203.604(d).

Universal sued the Derouins after they defaulted on their loan payments. Universal alleged that "[a]ll conditions precedent to commencement and maintenance of this action have been performed, satisfied[,] or otherwise discharged." The Derouins answered the complaint, denied the substantive allegations, and asserted several affirmative defenses. Universal replied to the affirmative defenses.

With the trial court's permission, the Derouins filed a second amended answer. See Thompson v. Jared Kane Co., Inc., 872 So. 2d 356, 360 (Fla. 2d DCA 2004) ("The Florida Rules of Civil Procedure reflect a clear policy that, absent exceptional circumstances, requests for leave to amend pleadings should be granted."). In that pleading, the Derouins specifically denied that Universal satisfied all conditions precedent to filing suit. Specifically, they alleged that Universal had failed to conduct, or otherwise attempt to conduct, a face-to-face meeting within ninety days of default. The Derouins also raised a corresponding affirmative defense: Universal "[f]ailed to make face-to-face contact or failed to make reasonable attempts to contact Defendants face-

- 3 -

to-face as required by 24 C.F.R. § 203.604." Universal did not reply to this new defense.

Following trial, the trial court granted the Derouins' motion for involuntary dismissal based on an evidentiary issue not before us. Universal moved for rehearing. The Derouins opposed that motion, arguing that there were several alternative bases supporting dismissal, including Universal's failure to comply with HUD's face-to-face meeting requirement.

The trial court granted Universal's rehearing motion, finding that the Derouins had "waived their right to seek compliance with 24 C.F.R. § 203.604." The trial court relied on Ms. Derouin's trial testimony "that shortly after the default, she received a telephone call from the Plaintiff or Plaintiff's servicer and that she no longer wished to deal directly with [them]." The trial court observed that the Derouins "were not prejudiced by the lack of a [face-to-face] meeting," and that Universal could not reasonably be expected to engage in such a meeting "[a]fter Ms. Derouin communicated to [Universal] that she was not to be contacted directly." The trial court awarded Universal a final judgment of foreclosure.

## Standards of Review

The record compels us to employ several standards of review. To the extent that we review the trial court's interpretation of the note, we utilize de novo review. See Mgmt. Comput. Controls, Inc. v. Charles Perry Constr., Inc., 743 So. 2d 627, 630 (Fla. 1st DCA 1999) ("[A] decision interpreting a contract presents an issue of law that is reviewable by the de novo standard of review."). "However, the trial court's order in this case is based–at least in part–on findings of fact and legal conclusions regarding an alleged [waiver]. We defer to the [trial] court's findings of fact when they

- 4 -

are based on competent, substantial evidence." U.S. Bank Nat'l Ass'n v. Rios, 166 So. 3d 202, 207 (Fla. 2d DCA 2015). Yet, we are not obligated "to disregard record evidence that disproves the lower court's findings or that reveals its ruling to be an abuse of discretion." In re Doe, 932 So. 2d 278, 284 (Fla. 2d DCA 2005).

Because the trial court's grant of rehearing, which vacated the prior dismissal order and resulted in entry of a final judgment, was not based upon competent substantial evidence, we reverse. Moreover, because our de novo review of the note demonstrates that involuntary dismissal was appropriate, we order such relief on remand. See Simpson v. State, 33 So. 3d 776, 778 (Fla. 4th DCA 2010) ("The standard of review of a trial court's denial of a motion to dismiss is de novo."); Perez v. Perez, 973 So. 2d 1227, 1231 (Fla. 4th DCA 2008) ("An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case."); Robinson v. Wright, 425 So. 2d 589, 589 (Fla. 3d DCA 1982) ("Where no evidence [i]s presented in a non-jury trial to establish a prima facie case, it [i]s proper to grant defendant's motion . . . for involuntary dismissal . . . .").

## Analysis

### I.     24 C.F.R. § 203.604 as a condition precedent

The parties tacitly agree that the face-to-face meeting requirement is a condition precedent to filing a foreclosure lawsuit. For purposes of this appeal, we assume the same. See, e.g., ARC HUD I, LLC v. Ebbert, 212 So. 3d 513, 515-16 (Fla. 2d DCA 2017) (reversing an award of summary judgment because the mortgagee created an issue of material fact as to whether an exception applied to the "condition precedent" of a face-to-face interview); White v. Planet Home Lending, LLC, 234 So. 3d

802, 803 n.1 (Fla. 4th DCA 2018) ("Absent evidence that Appellee engaged in a face-to-face interview with Appellant before the former filed its foreclosure complaint or that any exception to the interview requirement applied, it would be appropriate to enter an involuntary dismissal of Appellee's foreclosure complaint." (citing McIntosh v. Wells Fargo Bank, N.A., 226 So. 3d 377, 379 (Fla. 5th DCA 2017))); Harris v. U.S. Bank Nat'l Ass'n, 223 So. 3d 1030, 1032 (Fla. 1st DCA 2017) (holding that compliance with face-to-face meeting requirement was a condition precedent to initiating foreclosure action); Palma v. JPMorgan Chase Bank, Nat'l Ass'n, 208 So. 3d 771, 773, 775 (Fla. 5th DCA 2016) (holding that mortgage language providing, in the event of a default, the debt could be accelerated "except as limited by regulations of the Secretary . . . of Housing and Urban Development" incorporated the federal regulations, including the face-to-face interview requirement, as a condition precedent to filing suit); cf. Laws v. Wells Fargo Bank, N.A., 159 So. 3d 918, 919 (Fla. 1st DCA 2015) (reversing mortgagee's award of summary judgment because mortgagor was "entitled to raise failure to comply with [HUD regulations] as a valid defense to foreclosure").

Seemingly, the case law is unsettled as to whether noncompliance with the regulations must be raised as an affirmative defense or as a specific denial in an answer. Compare Palma, 208 So. 3d at 774 ("We find that the trial court erred by requiring Appellant to raise Bank's noncompliance with section 203.604 as an affirmative defense."), with Harris, 223 So. 3d at 1033 ("A 'defending party's assertion that a plaintiff has failed to satisfy conditions precedent necessary to trigger contractual duties under an existing agreement is generally viewed as an affirmative defense, for which the defensive pleader has the burden of pleading and persuasion.' " (quoting Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1096 (Fla. 2010))). But see

Chrzuszcz v. Wells Fargo Bank, N.A., 43 Fla. L. Weekly D1486, D1487 (Fla. 1st DCA June 28, 2018) ("Here, as in Palma, where the Bank asserted in the complaint that all conditions precedent had been satisfied, but the Borrower denied that assertion with the specific claim that the Bank failed to meet the face-to-face counseling requirement of section 203.604, the burden of proving the condition precedent was shifted back to the Bank.").

We need not weigh in on the conflict. See Pagan v. Sarasota Cty. Pub. Hosp. Bd., 884 So. 2d 257, 264 (Fla. 2d DCA 2004) ("It is a long-standing rule of appellate jurisprudence that the appellate court should not undertake to resolve issues which, though of interest to the bench and bar, are not dispositive of the particular case before the court."). As the Derouins inform us, "in an abundance of caution" they raised noncompliance as both an affirmative defense and as a specific denial.[2] Consequently, as the pleadings progressed below, Universal had to demonstrate its compliance with the regulations or that its compliance was excused. See McIntosh, 226 So. 3d at 379 ("Here, Borrowers raised noncompliance with § 203.602 and the terms of the note and mortgage as both a specific denial and an affirmative defense. Thus, the burden remained on Wells Fargo to demonstrate compliance with the applicable HUD regulations."). As we shall explain, Universal demonstrated neither.

---

[2]The Derouins sufficiently pleaded their claims that Universal failed to comply with the face-to-face meeting requirement. See Fla. R. Civ. P. 1.120(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." (emphasis added)); see also Bank of Am., N.A. v. Asbury, 165 So. 3d 808, 810 (Fla. 2d DCA 2015) ("A defendant, as the responding party, shoulders the responsibility of identifying a specific, unfulfilled condition precedent should it wish to deny that general averment.").

## II.     Whether the Derouins waived compliance

Whether the Derouins waived Universal's compliance with the face-to-face meeting requirements begets an antecedent inquiry of whether the trial court could consider the issue.

### A.     Universal did not avoid the noncompliance affirmative defense

"In pleading to a preceding pleading a party shall set forth affirmatively . . . . waiver, and any other matter constituting an avoidance <u>or</u> affirmative defense."  Fla. R. Civ. P. 1.110(d) (emphasis added).  "As a matter of law, waiver . . . [is an] affirmative defense[] <u>that must be pleaded</u>."  <u>Louie's Oyster, Inc. v. Villaggio Di Las Olas, Inc.</u>, 915 So. 2d 220, 223 (Fla. 4th DCA 2005) (emphasis added).  Once the Derouins raised noncompliance as an affirmative defense, Universal should have replied if it sought to avoid the defense.  "If an answer . . . contains an affirmative defense and the opposing party seeks to avoid it, the opposing party must file a reply containing the avoidance." Fla. R. Civ. P. 1.100(a); <u>see, e.g.</u>, <u>Reno v. Adventist Health Sys./Sun-Belt, Inc.</u>, 516 So. 2d 63, 64-65 (Fla. 2d DCA 1987) ("[A] reply to an affirmative defense is necessary only in order to entitle the plaintiff to, in effect, prove an affirmative defense to an affirmative defense."); <u>see also</u> <u>Kitchen v. Kitchen</u>, 404 So. 2d 203, 205 (Fla. 2d DCA 1981) ("[I]t is only when 'new matter' is sought to be asserted to avoid the affirmative defense that a reply is required.  Consequently, where, as here, the plaintiff does not seek to avoid the substantive allegation of the defendant's affirmative defense, he need not file . . . a reply."); <u>Lazar v. Allen</u>, 347 So. 2d 457, 458 (Fla. 2d DCA 1977) ("Where a party files no reply to an affirmative defense, this merely denies (as opposed to avoids) the affirmative defense." (citing Fla. R. Civ. P. 1.110(e))).

After all, "[l]itigants in civil controversies must state their legal positions within a particular document, a pleading, so that the parties and the court are absolutely clear what the issues to be adjudicated are." Bank of Am., N.A. v. Asbury, 165 So. 3d 808, 809 (Fla. 2d DCA 2015). "An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties is not a proper issue for the court's determination." Gordon v. Gordon, 543 So. 2d 428, 429 (Fla. 2d DCA 1989). Because Universal failed to address the waiver issue by reply to an affirmative defense, the trial court could not award Universal relief on such a basis. See, e.g., Wolowitz v. Thoroughbred Motors, Inc., 765 So. 2d 920, 923 (Fla. 2d DCA 2000) ("Since the defense was waived, it should not have been considered by the trial court, much less used as the basis for granting summary judgment."); Frisbie v. Carolina Cas. Ins. Co., 162 So. 3d 1079, 1081 (Fla. 5th DCA 2015) ("Here, because Appellee raised the issue of unclean hands as an avoidance of Appellants' two affirmative defenses, Appellee should have pleaded the issue in a reply to Appellants' answer . . . ."); Boca Golf View, Ltd. v. Hughes Hall, Inc., 843 So. 2d 992, 993 (Fla. 4th DCA 2003) ("The trial court erred when it relied on a defense not raised by the pleadings to grant the motion for involuntary dismissal.").

## B.     The Derouins' specific denial

Universal fares no better against the Derouins' specific allegation that it "[f]ailed to make face-to-face contact or failed to make reasonable attempts to contact [the Derouins] face-to-face as required by 24 C.F.R. § 203.604." Their specific denial shifted the burden to Universal to prove compliance or an exception to compliance. See Nelson v. Hillsborough County, 189 So. 3d 1037, 1039 (Fla. 2d DCA 2016) ("Provided such compliance is specifically denied by the defendant, the burden shifts 'to the plaintiff

- 9 -

to prove the allegations concerning the subject matter of the specific denial.' " (quoting Sheriff of Orange Cty. v. Boultbee, 595 So. 2d 985, 987 (Fla. 5th DCA 1992))). Universal failed on both fronts. See 24 C.F.R. § 203.604(c)(3), (5). Although the trial court's order granting Universal's rehearing motion failed to specify which of the five enumerated exceptions it relied on to find waiver, subsections (3) and (5)[3] most aptly apply. See 24 C.F.R. § 203.604(c)(1)–(5).

### i.      24 C.F.R. § 203.604(c)(3)

At trial, Ms. Shannon Georgantas, a senior staff account manager for Universal, admitted that Universal paid no visit to the Derouins' residence for the purpose of conducting the face-to-face meeting. Elaine Marie Henning, an employee of Universal's loan servicer, conceded that neither Universal nor its servicer requested a face-to-face meeting with the Derouins in the three-month period following their initial default.

Ms. Henning testified that the servicer's records reflected that the servicer called the Derouins' residence roughly forty-five days after default. Apparently, Ms. Derouin instructed the servicer to "only contact [the Derouins'] attorney, he is now handling everything . . . . She will not speak or give any info to us." Ms. Henning offered that the servicer did not "go out and knock on the Derouin[s'] door" because "[w]e were told to direct everything to her attorney." Curiously, the servicer continued to mail letters directly to the Derouins. Ms. Henning admitted that there had been no request of the Derouins, or their attorney, for the required face-to-face meeting.

---

[3]24 C.F.R. § 203.604(c)(3) provides that a face-to-face meeting is not required if "[t]he mortgagor has clearly indicated that he will not cooperate in the interview." Further, 24 C.F.R. §203.604(c)(5) excuses the face-to-face meeting when "[a] reasonable effort to arrange a meeting is unsuccessful."

Ms. Derouin testified that the servicer never offered a face-to-face meeting. She also testified that she never told Universal or its servicer that she was unwilling to conduct a face-to-face meeting "because they didn't offer." Ms. Derouin readily admitted, that when she spoke on the phone with the servicer, she "told them that I contacted an attorney and they should direct all questions to the attorney." She denied that she "ever indicated to them that [she was] no longer open to a face-to-face meeting notwithstanding [she] hired an attorney."

We cannot say that the Derouins clearly indicated that they would not engage in the face-to-face meeting. Indeed, if Universal never offered such an opportunity, it cannot be the case that the Derouins demonstrated a reluctance or refusal to meet sufficient to excuse Universal's obligations. We are even less inclined to conclude that Ms. Derouin's statement that Universal or its servicer should speak to her lawyer constitutes a clear indication that she was unwilling to cooperate in the face-to-face interview. There was no evidence Universal or its servicer was prohibited from asking the Derouins for a face-to-face meeting through their attorney, nor was there any evidence that the Derouins would not participate in one if asked.

In an apparent effort to buttress its waiver finding, the trial court pointed out that the Derouins "had no interest in mediation." Section 203.604 does not mandate postfiling mediation. Ms. Derouin's rejection of mediation after suit was filed is not indicative of her willingness to meet face-to-face prior to filing. In any event, postfiling actions cannot cure Universal's failure to comply with section 203.604. A party's right to sue "must be measured by the facts as they exist when the suit was instituted." Voges v. Ward, 123 So. 785, 793 (Fla. 1929) (holding that party did not have a right to

- 11 -

repossess a car when it filed suit before it possessed the notes necessary to have the right to repossession under the contract).

## ii.       24 C.F.R. § 203.604(c)(5)

Section 203.604(c)(5) excuses the face-to-face meeting requirement where "[a] reasonable effort to arrange a meeting is unsuccessful."  However, this presupposes that an effort was made.  Universal's witnesses, Ms. Georgantas and Ms. Henning, as well as Ms. Derouin, testified that neither Universal nor its servicer made any such effort.  Thus, the trial court's finding of waiver is unsupported under this claimed exception.

## III.    Trial by consent

Universal urges that the parties tried the waiver issue by consent.  <u>See</u> Fla. R. Civ. P. 1.190(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

> An exception to the rule requiring relief to be pled is if the issue is tried by consent of the parties.  "When issues not raised by the pleadings are tried by express or implied consent, they shall be treated in all respects as if they had been raised in the pleadings."  An issue is tried by consent "when there is no objection to the introduction of evidence on that issue."

<u>Fed. Home Loan Mortg. Corp. v. Beekman</u>, 174 So. 3d 472, 475 (Fla. 4th DCA 2015) (first quoting Fla. R. Civ. P. 1.190(b); then quoting <u>Scariti v. Sabillon</u>, 16 So. 3d 144, 145-46 (Fla. 4th DCA 2009)).  We reject Universal's position.

Although an unpleaded issue may be tried by consent when a party fails to object to the introduction of evidence on that issue:

> [I]n order to rely on questions and answers not objected to during trial as evidencing the opposing party's implied consent to try unpled issues, it must be shown that such questions and answers are irrelevant to any pled issues; the failure to object cannot be taken as implied consent to try unpled issues when there is no occasion for such party to object that such evidence is irrelevant to the issues being tried.

Bilow v. Benoit, 519 So. 2d 1114, 1116 (Fla. 1st DCA 1988). Stated differently, "[a] failure to object cannot be construed as implicit consent to try an unpled theory when the evidence introduced is relevant to other issues properly being tried." Raimi v. Furlong, 702 So. 2d 1273, 1285 (Fla. 3d DCA 1997); see also Nichols v. Michael D. Eicholtz, Enter., 750 So. 2d 719, 720 (Fla. 5th DCA 2000) ("We reject appellee's argument that the parties tried the unpled action on an express contract by implied consent because an unpled theory may not be tried by implied consent when the evidence presented at trial is relevant to other issues which are properly being tried.").

Universal argues that the Derouins consented to try the waiver issue by presenting evidence of Ms. Derouin's request that Universal or its servicer contact her attorney. However, this evidence was relevant to the Derouins' pleaded affirmative defense that Universal failed to make a reasonable effort to arrange a face-to-face meeting. See 24 C.F.R. § 203.604(c)(3), (5). The evidence was unrelated to Universal's unpleaded avoidance.

In further support of its trial by consent argument, Universal notes the trial court's request for posttrial written memoranda on the waiver issue. Universal apparently maintains that the Derouins' failure to contemporaneously object to the trial court's request evidenced that the parties tried the waiver issue by consent.

This argument is unavailing for two reasons. First, because the trial court sought <u>written</u> argument on the issue, we cannot conceive of why the Derouins would have been required to lodge a contemporaneous <u>oral</u> objection. Second, in accordance with the trial court's request, the Derouins explained in their written memorandum that waiver was unavailable as an avoidance because Universal did not plead it. To the extent a contemporaneous objection is even necessary to prevent an unpleaded issue from being tried by consent, we believe that the Derouins' written closing argument was tantamount to such an objection. <u>See, e.g.</u>, <u>Da Cunha v. Mann</u>, 183 So. 3d 1113, 1115-16 (Fla. 3d DCA 2015) (stating that an issue was not tried by consent when the opposing party raised an objection upon receipt of the written order); <u>cf.</u> <u>Givens v. Holmes</u>, 241 So. 3d 232, 235 (Fla. 2d DCA 2018) (explaining that failure to raise contemporaneous objection did not preclude appellate review of issue "[b]ecause the trial court abruptly ended the hearing without articulating any findings or announcing the particular terms of the final judgment").

Further, in their opening statement at trial, the Derouins proclaimed that "there is no valid excuse for [Universal]'s noncompliance. They haven't raised it in the pleadings." This was sufficient to alert both the trial court and Universal that the Derouins had no intent to allow for the waiver issue to be tried by consent. <u>Cf.</u> <u>Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A. v. Bowmar Instrument Corp.</u>, 537 So. 2d 561, 563 (Fla. 1988) ("We cannot see the difference between objecting to the introduction of the evidence pertaining to an unpled claim at trial or by a motion in limine immediately prior to the trial. The effect is the same–calling the court's attention to the fact that an unpled claim is not being tried by consent . . . .").

- 14 -

## Conclusion

Because the parties agree that compliance with 24 C.F.R. § 203.604 is a condition precedent to foreclosure, and the trial court erred in finding that the Derouins waived Universal's compliance with the HUD regulations, we reverse and remand for entry of an order of involuntary dismissal.

Reversed and remanded with instructions.

LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.