DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BANK OF AMERICA, N.A.,**
Appellant,

v.

**MARK L. JONES, ET AL.,**
Appellees.

No. 4D19-1164

[March 25, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barry Stone, Judge; L.T. Case No. CACE12027301.

Nancy M. Wallace of Akerman LLP, Tallahassee, and William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for appellant.

Bruce Botsford of Bruce Botsford, P.A., Fort Lauderdale, for appellees.

DAMOORGIAN, J.

Bank of America ("Bank") appeals the involuntary dismissal of its foreclosure action. We reverse and remand.

The Bank filed a foreclosure action against Mark and Ingrid Jones ("Borrowers"). In response to the complaint, the Borrowers affirmatively pled that the Bank failed to satisfy a condition precedent to foreclosure by not conducting a face-to-face interview with the Borrowers pursuant to 24 C.F.R. § 203.604(b).

At trial, the Bank's evidence established that after default but before the Bank filed its foreclosure action, the Borrowers sent a cease and desist letter to the Bank, demanding that the Bank cease all communication with the Borrowers. The letter also stated that any contact by the Bank will violate the Fair Debt Collection Practices Act ("FDCPA") and subject the Bank to liability for actual damages, statutory damages, and attorney's fees. Following receipt of the Borrowers' cease and desist letter, the Bank updated its system to not contact the Borrowers and did not proceed with the face-to-face interview. The Borrowers moved for an involuntary

dismissal based on the Bank's failure to conduct the face-to-face meeting. The trial court granted the motion and dismissed the Bank's complaint for "fail[ing] to prove compliance with HUD regulations with respect to the face to face meeting." The trial court noted that otherwise the Bank proved its case. This appeal follows.

An appellate court reviews an involuntary dismissal de novo. *Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 60 (Fla. 4th DCA 2012) (citing *Brundage v. Bank of Am.*, 996 So. 2d 877, 881 (Fla. 4th DCA 2008). Further, "[w]hen an appellate court reviews the grant of a motion for involuntary dismissal, it must view the evidence and all inferences of fact in a light most favorable to the nonmoving party." *Id.*

On appeal, the Bank argues that the Borrowers' letter was a clear expression that the Borrowers would not cooperate with the Bank to conduct a face to face meeting, and it vitiated the requirement to conduct a face to face meeting before filing the foreclosure action. We agree.

As a Federal Housing Administration ("FHA") backed loan, the Bank's right to foreclose the mortgage was conditioned upon compliance with 24 C.F.R. § 203.604(b). The regulation provides that "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b) (2019). However, a face-to-face meeting is not required if "[t]he mortgagor has clearly indicated that he will not cooperate in the interview." 24 C.F.R. § 203.604(c)(3).

Although this appears to be a case of first impression in this Court, we are guided in our decision by a case from an Illinois appellate court. In *JP Morgan Chase Bank N.A. v. Moore*, 2015 WL 4640421 (Ill. App. Ct. Aug. 4, 2015), the bank sent the borrowers three letters informing them of their default and provided a phone number to call to schedule the face-to-face meeting. *Id.* at *10. Instead of calling or contacting the bank, the borrowers filed a federal lawsuit and a complaint with HUD against the bank. *Id.* The Illinois Appellate Court held that "[b]ased on the communications (and, to some extent, the lack of communications) between the parties after the . . . default, the record supports a finding that the [borrowers] did not engage in acts consistent with an intent to cooperate in a face-to-face interview with [the bank]." *Id.*

Here, we conclude that the Borrowers' cease and desist letter "can only be interpreted as indicia of an unwillingness to commit to such a meeting."

2

*Id.* Simply put, the Bank's understanding of the Borrowers' demand was reasonable—we do not want to engage in any further conversation with you and if you contact us, we will sue you. To interpret the Borrowers' own words as anything other than a clear expression that they will not cooperate in an interview would place the Bank in an untenable situation and would render the regulatory exception meaningless. *See U.S. Bank N.A. v. Stewart,* 2006 WL 8453173, at *10 (Ohio Ct. Common Pleas Aug. 4, 2006) (finding that the bank was excused from conducting the face-to-face meeting because "[t]he language used by [the borrower] . . . throughout his correspondences to [the bank] indicate[d] that a face-to-face interview with [the bank's] representatives would not have resulted in [the borrower] changing his position such that [he] would have cured his default"); *but see Derouin v. Universal Am. Mortg. Co.,* 254 So. 3d 595, 602 (Fla. 2d DCA 2018) (holding that the homeowners telling the bank to direct all communication to their attorney was not a clear indication that they would not engage in the face-to-face meeting).

Accordingly, we reverse the trial court's order of involuntary dismissal and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings consistent with this opinion.*

GROSS and MAY, JJ., concur.

*　　*　　*

**Not final until disposition of timely filed motion for rehearing.**