DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOHN A. WILLIAMS, individually and as trustee of the
Asset Preservation Pooled Trust Fund, Inc.,

Petitioner,

v.

MARY MARGARET BAMBERY and MATTHEW YOUNG, as plenary
guardian of Mary Margaret Bambery,

Respondents.

No. 2D2023-2436

_____

May 17, 2024

Petition for Writ of Prohibition to the Circuit Court for Pinellas County;
Pamela A.M. Campbell, Judge.

Grant W. Kindrick and Lawrence O. Held of Bleakley Bavol Denman &
Grace, Tampa, for Petitioner.

Melissa F. Williams of Finley Williams Law, P.A., St. Petersburg, for
Respondents.

MORRIS, Judge.

John A. Williams, individually and as trustee of the Asset
Preservation Pooled Trust Fund, Inc. (the Pooled Trust), has filed a
petition for writ of prohibition, asserting that the trial court acted in
excess of its jurisdiction by sua sponte entering an Order Appointing

Division of Inspector General in the Guardianship of Mary Margaret Bambery. For the reasons explained below, we grant Williams' petition and quash the sua sponte order.

From September 2016 to March 2022, Williams served as plenary guardian of the Ward, Mary Margaret Bambery, in the underlying guardianship case. While Williams served as guardian, the Ward's assets were joined, pursuant to a court order, into the Pooled Trust for which Williams serves as trustee.

Following Williams' discharge as guardian, Matthew Young was appointed as the new plenary guardian of the Ward on September 16, 2022. In March 2023 Young filed an emergency petition with the trial court expressing concern that the Ward's assets held in the Pooled Trust had been misappropriated. Young specifically requested authorization from the trial court to withdraw the Ward's assets from the Pooled Trust and to join those assets into a different pooled trust known as the Guardian Pooled Trust. The trial court granted this motion on March 30, 2023.

Pursuant to the court's order, Williams distributed the Ward's assets to Young and thereafter ceased to serve as trustee for the Ward's assets on or about May 3, 2023. From that point on, Williams and the Pooled Trust had no further involvement in the Ward's guardianship case.

Five months later, and without warning or notice to the parties, the trial court sua sponte entered the order at issue in this proceeding. That order states in pertinent part:

> THE COURT, based on the guardianship records of the above Ward, has concerns about John A. Williams, President and Trustee of ASSET PRESERVATION POOLED TRUST FUND, INC. and the financial management of these pooled

2

funds on behalf of multiple vulnerable adults. The Court finds sufficient basis to seek further information regarding the management of the property of the above-named Ward, and others who may be similarly situated. Therefore based on its own motion, it is ORDERED:

1. The Division of the Inspector General, Guardianship Section, is appointed to investigate the actions of John A. Williams, and ASSET PRESERVATION POOLED TRUST FUND, INC. concerning this Ward's property, finances and any other issue that affect the Ward's welfare and best interest. In order to do a complete review, all other subaccounts of the pooled trust administered by John A. Williams, as President and Trustee of ASSET PRESERVATION POOLED TRUST FUND, INC., are also to be reviewed. Not only for the financial management, but also to ensure that the funds are being appropriately utilized for the stated purpose of qualifying each of the individuals for Medicaid program benefits by the creation of the special needs/pooled trust.

2. John A. Williams, as President and Trustee of ASSET PRESERVATION POOLED TRUST FUND, INC., or John A. Williams, individually, shall provide a master list of each of the sub-accounts under this pooled trust, to the Inspector General to assist in the orderly investigation of this pooled trust. Additionally, if a full independent audit has been performed of all sub-accounts contained within ASSET PRESERVATION POOLED TRUST FUND, INC., this shall also be provided to the Inspector General and/or their agent.

It is well-established that "[a] writ of prohibition is the appropriate remedy to prevent a trial court from proceeding in a cause over which it no longer has jurisdiction." *Renovaship, Inc. v. Quatremain*, 208 So. 3d 280, 282 n.1 (Fla. 3d DCA 2016) (first citing *English v. McCrary*, 348 So. 2d 293 (Fla. 1977); and then citing *Fonseca v. Taverna Imps., Inc.*, 193 So. 3d 92 (Fla. 3d DCA 2016)). A trial court loses its jurisdiction to proceed in a cause when full relief has been granted and the matter has been "definitively concluded." *Wolfe v. Newton*, 310 So. 3d 1077, 1081 (Fla. 2d DCA 2020); *see also Baden v. Baden*, 260 So. 3d 1108, 1114–15

3

(Fla. 2d DCA 2018) (granting prohibition where trial court continued to exercise jurisdiction over a trust case after plaintiff had voluntarily dismissed action); *Aurora Bank v. Cimbler*, 166 So. 3d 921, 927 n.4 (Fla. 3d DCA 2015) ("[C]ontinuing to exercise jurisdiction over the [postjudgment] case for the purpose of compelling a nonparty mediator's discovery requests was an improper and unlawful exercise of the trial court's jurisdiction for which relief by prohibition is proper."). Additionally, a trial court does not have jurisdiction "to determine matters which are not the subject of proper pleading and notice." *Pro-Art Dental Lab, Inc. v. V-Strategic Grp.*, 986 So. 2d 1244, 1252 (Fla. 2008) (emphasis omitted) (quoting *Carroll & Assocs., v. Galindo*, 864 So. 2d 24, 28 (Fla. 3d DCA 2003)).

The trial court wrote that the order was based upon its "concerns" about "the financial management of these pooled funds on behalf of multiple vulnerable adults." However, "judicial concern, understandable as it may be, does not confer judicial power." *Wolfe*, 310 So. 3d at 1083. When Young suspected that Williams, as trustee of the Pooled Trust, had misappropriated the Ward's assets, he specifically petitioned the trial court for authorization to withdraw those assets and move them to a new trust account. The petition did not request any further relief or argue that the trial court should investigate Williams and the Pooled Trust. The trial court granted the requested relief, and the Ward's assets were removed from the Pooled Trust. At that point, Young's request for relief was fully satisfied, and he sought no further action as to Williams or the Pooled Trust. The issue was effectively resolved, and neither Williams nor the Pooled Trust maintained any involvement in the guardianship proceedings thereafter. The trial court did not rely on any trust or

4

guardian statutes or law granting it jurisdiction in these circumstances or otherwise authorizing its order.

The trial court's sua sponte order, entered five months later and without any notice to the parties, far exceeds any request for relief made in the pleadings. *See Tracey v. Wells Fargo Bank, N.A.*, 264 So. 3d 1152, 1155 (Fla. 2d DCA 2019) ("[P]leadings function as a safeguard of due process by ensuring that the parties will have prior, meaningful notice of the claims, defenses, rights, and obligations that will be at issue when they come before a court."); *Derouin v. Universal Am. Mortg. Co.*, 254 So. 3d 595, 601 (Fla. 2d DCA 2018) ("An issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties is not a proper issue for the court's determination." (quoting *Gordon v. Gordon*, 543 So. 2d 428, 429 (Fla. 2d DCA 1989))).

Despite its suspicions, this was not the proper vehicle for the trial court to independently initiate an investigation into the actions of the trustee. Because the trial court acted without jurisdiction in entering its sua sponte order, we grant the petition for writ of prohibition and quash the Order Appointing Division of Inspector General.

Petition granted and order quashed.

KELLY and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.